**UNITED STATES DISTRICT COURT**
**SOUTHERN DISTRICT OF NEW YORK**

| | |
|---|---|
| TAWANNA M. ROBERTS, on behalf of herself and all others similarly situated,<br><br>                                        Plaintiff,<br><br>              - against -<br><br>CAPITAL ONE, N.A.,<br><br>                                        Defendant. | No. 16 Civ. 4841 (LGS)<br><br>**DEFENDANT CAPITAL ONE, N.A.'S ANSWER TO PLAINTIFF'S CLASS ACTION COMPLAINT** |

Defendant Capital One, N.A. ("Capital One"), by and through its undersigned counsel, for its Answer and Affirmative Defenses to Plaintiff's Class Action Complaint ("Complaint"), responds to the numbered paragraphs of the Complaint as follows:

1.      Capital One admits that Plaintiff purports to bring a class action against Capital One, but denies that it may be properly so maintained.  Except as expressly admitted, Capital One denies the allegations in paragraph 1.

2.      Capital One denies the allegations in paragraph 2.

3.      Capital One respectfully refers the Court to the Capital One Rules Governing Deposit Accounts ("Deposit Agreement"), attached to the Complaint as Exhibit A, and the Electronic Fund Transfer Agreement and Disclosure for Personal and Commercial Accounts (the "EFT Agreement"), attached to the Declaration of James R. McGuire in Support of Defendant's Motion to Dismiss Plaintiff's Complaint as Exhibit 2, (collectively, the "Account Agreements") for their full terms and legal effect and states that the Account Agreements speak for themselves. Capital One otherwise denies the allegations in paragraph 3.

4.      Capital One admits that it assesses overdraft fees for debit card transactions that settle into a negative balance.  Except as expressly admitted, Capital One denies the allegations in paragraph 4.

5.      Capital One denies the allegations in paragraph 5.

6.      Capital One denies the allegations in paragraph 6.

7.      Capital One denies the allegations in paragraph 7.

8.      Capital One denies the allegations in paragraph 8.

9.      Capital One respectfully refers the Court to the Account Agreements for their full terms and legal effect and states that the Account Agreements speak for themselves.  Capital One otherwise denies the allegations in paragraph 9.

10.      Capital One respectfully refers the Court to the Account Agreements for their full terms and legal effect and states that the Account Agreements speak for themselves.  Capital One otherwise denies the allegations in paragraph 10.

11.      Capital One respectfully refers the Court to the Account Agreements for their full terms and legal effect and states that the Account Agreements speak for themselves.  Capital One otherwise denies the allegations in paragraph 11.

12.      Capital One respectfully refers the Court to the Account Agreements for their full terms and legal effect and states that the Account Agreements speak for themselves.  Capital One otherwise denies the allegations in paragraph 12.

13.      Capital One respectfully refers the Court to the Account Agreements for their full terms and legal effect and states that the Account Agreements speak for themselves.  Capital One otherwise denies the allegations in paragraph 13.

14.     Capital One respectfully refers the Court to the Account Agreements for their full terms and legal effect and states that the Account Agreements speak for themselves. Capital One otherwise denies the allegations in paragraph 14.

15.     Capital One respectfully refers the Court to the Account Agreements for their full terms and legal effect and states that the Account Agreements speak for themselves. Capital One otherwise denies the allegations in paragraph 15.

16.     Capital One denies the allegations in paragraph 16.

17.     Capital One respectfully refers the Court to the Account Agreements for their full terms and legal effect and states that the Account Agreements speak for themselves. Capital One otherwise denies the allegations in paragraph 17.

18.     Capital One respectfully refers the Court to the Account Agreements for their full terms and legal effect and states that the Account Agreements speak for themselves. Capital One otherwise denies the allegations in paragraph 18.

19.     Capital One denies the allegations in paragraph 19.

20.     Capital One respectfully refers the Court to the Account Agreements for their full terms and legal effect and states that the Account Agreements speak for themselves. Capital One otherwise denies the allegations in paragraph 20.

21.     Capital One denies the allegations in paragraph 21.

22.     Capital One denies the allegations in paragraph 22.

23.     Capital One respectfully refers the Court to the Account Agreements for their full terms and legal effect and states that the Account Agreements speak for themselves. Capital One otherwise denies the allegations in paragraph 23.

sf-3877594

24.     Capital One admits that Plaintiff purports to seek damages, restitution, and injunctive relief.  Except as expressly admitted, Capital One denies the allegations in paragraph 24.

## JURISDICTION AND VENUE

25.     Paragraph 25 consists of conclusions of law to which no response is required.  To the extent a response is required, Capital One denies the allegations in paragraph 25.

26.     Paragraph 26 consists of conclusions of law to which no response is required.  To the extent a response is required, Capital One denies the allegations in paragraph 26.

## PARTIES

27.     Capital One lacks information sufficient to form a belief as to the truth of the allegations in paragraph 27 and on that basis denies the same.

28.     Capital One admits that it is a national bank chartered under the laws of the United States of America with its headquarters and principal place of business located in McLean, Virginia, that it provides retail banking services, and that it conducts business in New York.  Except as expressly admitted, Capital One denies the allegations in paragraph 28.

## FACTUAL BACKGROUND AND GENERAL ALLEGATIONS

29.     Capital One admits that Plaintiff opened a checking account with Capital One in 2004 in New York.  Capital One denies the remaining allegations of paragraph 29.

30.     Capital One admits that it issues debit cards to checking account customers, and that it issued a debit card to Plaintiff.  Capital One denies the remaining allegations of paragraph 30.

Case 1:16-cv-04841-LGS   Document 66   Filed 05/31/18   Page 5 of 22

31.     Capital One respectfully refers the Court to the Account Agreements for their full terms and legal effect and states that the documents speak for themselves.  Except as expressly admitted, Capital One denies the allegations in paragraph 31.

**A.     Mechanics of a Debit Card Transaction**

32.     Capital One denies the allegations in paragraph 32.

33.     Capital One denies the allegations in paragraph 33.

34.     Capital One denies the allegations in paragraph 34.

35.     Capital One denies the allegations in paragraph 35.

**B.     Capital One Account Documents**

36.     Capital One admits Plaintiff agreed to the terms of the Account Agreements and that those terms govern her Capital One deposit account.  Capital One respectfully refers the Court to the Account Agreements for their full terms and legal effect and states that the Account Agreements speak for themselves.  Except as expressly admitted, Capital One denies the allegations in paragraph 36.

37.     Capital One respectfully refers the Court to the Account Agreements for their full terms and legal effect and states that the Account Agreements speak for themselves.  Capital One otherwise denies the allegations in paragraph 37.

38.     Capital One respectfully refers the Court to the Account Agreements for their full terms and legal effect and states that the Account Agreements speak for themselves.  Capital One otherwise denies the allegations in paragraph 38.

39.     Capital One respectfully refers the Court to the Account Agreements for their full terms and legal effect and states that the Account Agreements speak for themselves.  Capital One otherwise denies the allegations in paragraph 39.

sf-3877594

**C.      Account Documents Fundamentally Misconstrue the Bank's True Overdraft Fee and Debit Processing Practices**

40.      Capital One denies the allegations in paragraph 40.

41.      Capital One respectfully refers the Court to the Account Agreements for their full terms and legal effect and states that the Account Agreements speak for themselves.  Capital One otherwise denies the allegations in paragraph 41.

42.      Capital One denies the allegations in paragraph 42.

43.      Capital One denies the allegations in paragraph 43.

44.      Capital One respectfully refers the Court to the Account Agreements for their full terms and legal effect and states that the Account Agreements speak for themselves.  Capital One otherwise denies the allegations in paragraph 44.

45.      Capital One respectfully refers the Court to the Account Agreements for their full terms and legal effect and states that the Account Agreements speak for themselves.  Capital One otherwise denies the allegations in paragraph 45.

46.      Capital One respectfully refers the Court to the Account Agreements for their full terms and legal effect and states that the Account Agreements speak for themselves.  Capital One otherwise denies the allegations in paragraph 46.

47.      Capital One denies the allegations in paragraph 47.

48.      Capital One respectfully refers the Court to the Account Agreements for their full terms and legal effect and states that the Account Agreements speak for themselves.  Capital One otherwise denies the allegations in paragraph 48.

49.      Capital One respectfully refers the Court to the Account Agreements for their full terms and legal effect and states that the Account Agreements speak for themselves.  Capital One otherwise denies the allegations in paragraph 49.

sf-3877594

50.     Capital One respectfully refers the Court to the Account Agreements for their full terms and legal effect and states that the Account Agreements speak for themselves.  Capital One otherwise denies the allegations in paragraph 50.

51.     Capital One denies the allegations in paragraph 51.

52.     Capital One denies the allegations in paragraph 52.

53.     Capital One denies the allegations in paragraph 53.

54.     Capital One respectfully refers the Court to the Account Agreements for their full terms and legal effect and states that the Account Agreements speak for themselves.  Capital One otherwise denies the allegations in paragraph 54.

55.     Capital One respectfully refers the Court to the Account Agreements for their full terms and legal effect and states that the Account Agreements speak for themselves.  Capital One otherwise denies the allegations in paragraph 55.

56.     Capital One respectfully refers the Court to the Account Agreements for their full terms and legal effect and states that the Account Agreements speak for themselves.  Capital One otherwise denies the allegations in paragraph 56.

57.     Capital One respectfully refers the Court to the Account Agreements for their full terms and legal effect and states that the Account Agreements speak for themselves.  Capital One otherwise denies the allegations in paragraph 57.

58.     Capital One respectfully refers the Court to the Account Agreements for their full terms and legal effect and states that the Account Agreements speak for themselves.  Capital One otherwise denies the allegations in paragraph 58.

59.     Capital One denies the allegations in paragraph 59.

**D.      The Bank Abuses Contractual Discretion**

60.     Paragraph 60 consists of conclusions of law to which no response is required.  To the extent a response is required, Capital One denies the allegations in paragraph 60.

61.     Capital One respectfully refers the Court to the Account Agreements for their full terms and legal effect and states that the Account Agreements speak for themselves.  Capital One otherwise denies the allegations in paragraph 61.

62.     Capital One respectfully refers the Court to the Account Agreements for their full terms and legal effect and states that the Account Agreements speak for themselves.  Capital One otherwise denies the allegations in paragraph 62.

63.     Capital One respectfully refers the Court to the Account Agreements for their full terms and legal effect and states that the Account Agreements speak for themselves.  Capital One otherwise denies the allegations in paragraph 63.

64.     Paragraph 64 consists of conclusions of law to which no response is required.  To the extent a response is required, Capital One denies the allegations in paragraph 64.

**E.     Reasonable Consumers Understand Debit Card Transactions are Debited Immediately**

65.     Capital One denies the allegations in paragraph 65.

66.     Capital One denies the allegations in paragraph 66.

67.     Capital One respectfully refers the Court to the Account Agreements for their full terms and legal effect and states that the Account Agreements speak for themselves.  Capital One otherwise denies the allegations in paragraph 67.

68.     Capital One denies the allegations in the first sentence of paragraph 68.  Capital One denies knowledge or information sufficient to form a belief as to the truth of the allegations in the second sentence of paragraph 68 and on that basis denies the same.

69.     Capital One denies knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph 69 and on that basis denies the same.

70.     Capital One denies knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph 70 and on that basis denies the same.

71.     Capital One denies knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph 71 and on that basis denies the same.

72.     Capital One denies knowledge or information sufficient to form a belief as to the truth of the allegations in the first sentence of paragraph 72 and on that basis denies the same. Capital One respectfully refers the Court to the Account Agreements for their full terms and legal effect and states that the Account Agreements speak for themselves.  Capital One otherwise denies the allegations in paragraph 72.

73.     Capital One denies the allegations in paragraph 73.

**E.     Plaintiff's Experience**

74.     Capital One admits that Plaintiff was assessed an overdraft fee of $35 on a debit card transaction in the amount of $3.03 that settled into a negative balance on June 4, 2015. Capital One further admits that the transaction was authorized on June 2, 2015.  Except as expressly admitted, Capital One denies the allegations in paragraph 74

75.     Capital One admits that on June 29, 2015, Plaintiff was assessed two overdraft fees of $35 each on debit card transactions in the amounts of $38.62 and $208.00, both of which settled into a negative balance on June 29, 2015.  Capital One further admits that the transactions were authorized on June 27, 2015.  Except as expressly admitted, Capital One denies the allegations in paragraph 75.

76.     Capital One admits that on July 13, 2015, Plaintiff was assessed an overdraft fee of $35 on a debit card transaction in the amount of $14.00 that settled into a negative available balance on July 13, 2015.  Capital One further admits that the transaction was authorized on July 11, 2015.  Except as expressly admitted, Capital One denies the allegations in paragraph 76.

77.     Capital One admits that on August 17, 2015, Plaintiff was assessed an overdraft fee of $35 on a debit card transaction in the amount of $0.99 that settled into a negative balance on August 17, 2015.  Capital One further admits that the transaction was authorized on August 14, 2015.  Except as expressly admitted, Capital One denies the allegations in paragraph 77.

78.     Capital One admits that on September 8, 2015, Plaintiff was assessed three overdraft fees of $35 each on debit card transaction in the amounts of $76.56, $88.20, and $6.85 that each settled into a negative balance on September 8, 2015.  Capital One further admits that the $76.56 and $ 88.20 transactions were authorized on September 4, 2015.  Capital One further admits that the $6.85 transaction was authorized on September 7, 2015.  Except as expressly admitted, Capital One denies the allegations in paragraph 78.

79.     Capital One admits Plaintiff violated the Account Agreements by depleting from her deposit account the funds necessary to pay for her pending debit card transactions and that the Account Agreements allow Capital One to assess overdraft fees when those transactions settle into a negative balance.  Capital One denies the remaining allegations in paragraph 79.

80.     Capital One admits Plaintiff violated the Account Agreements by depleting from her deposit account the funds necessary to pay for her pending debit card transactions and that the Account Agreements allow Capital One to assess overdraft fees when those transactions settle into a negative balance.  Capital One denies the remaining allegations in paragraph 80.

## **CLASS ALLEGATIONS**

sf-3877594

81.     Capital One admits that Plaintiff purports to bring this action on behalf of herself and all others similarly situated.

82.     Capital One admits that Plaintiff purports to bring a class action on behalf of the putative classes described in Paragraph 82.

83.     Paragraph 83 consists of conclusions of law to which no response is required.  To the extent a response is required, Capital One denies the allegations in paragraph 83.

84.     Capital One admits that Plaintiff purports to exclude certain entities and individuals from the putative classes defined in Paragraph 82.

85.     Paragraph 85 consists of conclusions of law to which no response is required.  To the extent a response is required, Capital One denies the allegations in paragraph 85.

86.     Paragraph 86 consists of conclusions of law to which no response is required.  To the extent a response is required, Capital One denies the allegations in paragraph 86.

87.     Paragraph 87 consists of conclusions of law to which no response is required.  To the extent a response is required, Capital One denies the allegations in paragraph 87.

88.     Paragraph 88, including subparts a-g, consists of conclusions of law to which no response is required.  To the extent a response is required, Capital One denies the allegations in paragraph 88.

89.     Paragraph 89 consists of conclusions of law to which no response is required.  To the extent a response is required, Capital One denies the allegations in paragraph 89.

90.     Paragraph 90 consists of conclusions of law to which no response is required.  To the extent a response is required, Capital One denies the allegations in paragraph 90.

91.     Paragraph 91 consists of conclusions of law to which no response is required.  To the extent a response is required, Capital One denies the allegations in paragraph 91.

sf-3877594

92.     Paragraph 92 consists of conclusions of law to which no response is required.  To the extent a response is required, Capital One denies the allegations in paragraph 92.

## FIRST CLAIM FOR RELIEF
### Breach of Contract
### (On Behalf of the Classes)

93.     Capital One re-alleges and incorporates by reference each and every preceding paragraph of this Answer as if fully set forth herein.

94.     Capital One admits that Plaintiff agreed to the terms of the Account Agreements.

95.     Capital One denies the allegations in paragraph 95.  Capital One respectfully refers the Court to the Account Agreements for their full terms and legal effect and states that the Account Agreements speak for themselves.

96.     Capital One denies the allegations in paragraph 96.  Capital One respectfully refers the Court to the Account Agreements for their full terms and legal effect and states that the Account Agreements speak for themselves.

97.     Capital One denies the allegations in paragraph 97.  Capital One respectfully refers the Court to the Account Agreements for their full terms and legal effect and states that the Account Agreements speak for themselves.

98.     Capital One denies the allegations in paragraph 98.  Capital One respectfully refers the Court to the Account Agreements for their full terms and legal effect and states that the Account Agreements speak for themselves.

99.     Capital One denies the allegations in paragraph 99.

100.    Capital One denies the allegations in paragraph 100.

## CLAIMS FOR RELIEF II, III, IV: Breach of the Covenant of Good Faith and Fair Dealing, Conversion, and Unjust Enrichment

The Court has dismissed these causes of action and therefore Capital One has no obligation to reply to the relevant charging allegations.

## FIFTH CLAIM FOR RELIEF
### New York General Business Law § 349
### (On Behalf of the New York Sub-Class)

132.    Capital One re-alleges and incorporates by reference each and every preceding paragraph of this Answer as if fully set forth herein.

133.    Capital One admits that Plaintiff purports to assert a New York General Business Law section 349 claim on behalf of the putative New York Sub-Class defined in paragraph 82.

134.    Capital One denies the allegations in paragraph 134.

135.    Paragraph 135 consists of conclusions of law to which no response is required. To the extent a response is required, Capital One denies the allegations in paragraph 135.

136.    Capital One denies the allegations in paragraph 136.

137.    Capital One denies the allegations in paragraph 137.

138.    Capital One denies the allegations in paragraph 138.

139.    Capital One denies the allegations in paragraph 139.

140.    Capital One denies the allegations in paragraph 140.

141.    Capital One denies the allegations in paragraph 141.

142.    Capital One denies the allegations in paragraph 142.

## PRAYER FOR RELIEF

Capital One denies that Plaintiff is entitled to any of the relief requested in the Prayer for Relief that appears on pages 27 and 28 of the Complaint.

## AFFIRMATIVE DEFENSES

sf-3877594

Capital One has not completed its investigation of the facts of this case, has not completed discovery in this matter, and has not completed preparation for trial. The affirmative defenses asserted herein are based on Capital One's knowledge, information, and belief at this time, and Capital One specifically reserves the right to modify, amend, or supplement any affirmative defenses contained herein at any time.

Capital One also reserves the right to assert additional defenses as information is gathered through discovery and investigation. In asserting these defenses, Capital One does not allege or admit that it has the burden of proof and/or persuasion with respect to any of these matters, and does not assume the burden of proof and/or persuasion with respect to any matter as to which Plaintiff has the burden of proof or persuasion.

Subject to the preceding qualifications, Capital One alleges the following additional separate and affirmative defenses to the Complaint:

## FIRST AFFIRMATIVE DEFENSE

The Complaint is barred, in whole or in part, to the extent Plaintiff seeks relief for conduct occurring outside the applicable statutes of limitations, N.Y. C.P.L.R. § 213(2) (breach of contract claim has statute of limitations of 6 years); N.Y. C.P.L.R. § 214(2) (New York General Business Law section 349 has statute of limitations of 4 years).

## SECOND AFFIRMATIVE DEFENSE

The Complaint and each of its purported causes of action are barred in their entirety to the extent that Plaintiff consented to or authorized Capital One's assessment of overdraft fees. Plaintiff is barred from raising claims about Capital One's assessment of overdraft fees, because after receiving express notice of Capital One's pertinent policies in the Account Agreements, including Capital One's policies regarding "Authorize Positive, Settle Negative transactions,"

Plaintiff continued to use her debit card and to enter into transactions that caused her to incur overdraft fees.  Plaintiff accepted the benefits of Capital One's policies and practices regarding overdrafts and is precluded from now repudiating the charges associated with the overdraft services provided pursuant to those policies and practices.

### THIRD AFFIRMATIVE DEFENSE

The Complaint is barred, in whole or in part, by the equitable doctrine of laches because Plaintiff used her Capital One debit card and incurred overdraft fees for many years before bringing this lawsuit.

### FOURTH AFFIRMATIVE DEFENSE

Plaintiff's claims are barred, in whole or in part, because Plaintiff would be unjustly enriched if permitted to obtain any recovery in this action.  After Plaintiff received express notice of Capital One's pertinent policies in the Account Agreements, including Capital One's policies regarding "Authorize Positive, Settle Negative transactions," Plaintiff continued to use her debit card and to enter into transactions that caused her to incur overdraft fees.  Plaintiff exploited the benefits of the overdraft services she obtained from Capital One and is now precluded from repudiating the charges associated with those services and the policies and procedures associated with them.

### FIFTH AFFIRMATIVE DEFENSE

The Complaint is barred, in whole or in part, because Plaintiff failed to perform her obligations under the Account Agreements.  Capital One is therefore relieved of any and all obligations or promises related to the Account Agreements.

## SIXTH AFFIRMATIVE DEFENSE

The Complaint is barred, in whole or in part, by the equitable doctrine of estoppel.  After Plaintiff received express notice of Capital One's pertinent policies in the Account Agreements, including Capital One's policies regarding "Authorize Positive, Settle Negative transactions," Plaintiff continued to use her debit card and to enter into transactions that caused her to incur overdraft fees.  Plaintiff exploited the benefits of Capital One's policies and practices regarding overdraft services and is now precluded from repudiating the charges associated with the operation of those policies and practices.

## SEVENTH AFFIRMATIVE DEFENSE

Plaintiff is barred from recovery, in whole or in part, by the doctrine of waiver.  Plaintiff is barred from raising claims about Capital One's assessment of overdraft fees, because after receiving express notice of Capital One's pertinent policies in the Account Agreements, including Capital One's policies regarding "Authorize Positive, Settle Negative transactions," Plaintiff continued to use her debit card and to enter into transactions that caused her to incur overdraft fees.  Plaintiff accepted the benefits of Capital One's policies and practices regarding overdrafts and is precluded from now repudiating the charges associated with the operation of those policies and practices.

## EIGHTH AFFIRMATIVE DEFENSE

Capital One has fully performed all obligations required of it under any agreement and, therefore, is not liable to Plaintiff for damages, if any.

sf-3877594

## NINTH AFFIRMATIVE DEFENSE

Capital One exercised good faith in all dealings with Plaintiff.  Capital One assessed any overdraft fees against Plaintiff in accordance with the Account Agreements governing Plaintiff's Capital One deposit account.

## TENTH AFFIRMATIVE DEFENSE

Plaintiff's claims are barred, in whole or in part, because Plaintiff failed to mitigate any damages or losses allegedly suffered.

## ELEVENTH AFFIRMATIVE DEFENSE

Plaintiff's claims for equitable relief are barred because Plaintiff cannot establish that she lacks an adequate remedy at law.

## TWELFTH AFFIRMATIVE DEFENSE

Plaintiff's claims are barred, in whole or in part, to the extent that they are governed by an express written contract.

## THIRTEENTH AFFIRMATIVE DEFENSE

Plaintiff's claims are barred by the voluntary payment doctrine in that the obligations and fees about which Plaintiff complains were paid voluntarily.  After receiving express notice of Capital One's overdraft policies, including Capital One's policies regarding "Authorize Positive, Settle Negative transactions," Plaintiff voluntarily paid the overdraft fees by depositing money in her account to cover the overdraft fees incurred and authorizing Capital One to deduct those fees from her account.  Plaintiff's monthly statements and notices informed her of overdraft transactions and the fees that she was incurring because of overdrafts.

sf-3877594

## FOURTEENTH AFFIRMATIVE DEFENSE

Plaintiff's claims are barred, in whole or in part, because they have been released.  On several occasions, Plaintiff contacted Capital One about overdraft fees that had been incurred and obtained refunds or waivers of those fees.  In return for any refund or waiver made in response to a contact regarding multiple overdraft fees assessed on debit card transactions, Plaintiff released her claims challenging the assessment of the fees that were the subject of such contact.

## FIFTEENTH AFFIRMATIVE DEFENSE

The Complaint is barred, in whole or in part, by the doctrine of unclean hands.  Plaintiff's Account Agreements required her to maintain sufficient funds to cover all of her transactions.  Plaintiff nonetheless overdrew her account where she knew, or should have known, that she did not have such funds.

## SIXTEENTH AFFIRMATIVE DEFENSE

To the extent that Plaintiff has outstanding obligations to Capital One, her claims are barred or reduced.  Capital One is entitled to a setoff for any refunded or waived overdraft fees assessed.

## SEVENTEENTH AFFIRMATIVE DEFENSE

The Complaint is barred in whole or in part by the doctrine of accord and satisfaction.  On several occasions, Plaintiff contacted Capital One about overdraft fees that had been incurred and obtained refunds or waivers of those fees.  Whenever a refund or waiver was made in response to a contact regarding multiple overdraft fees assessed on debit card transactions, to the satisfaction of the parties, such resolution effected an accord and satisfaction with respect to all of the fees that were the subject of such contact.

## EIGHTEENTH AFFIRMATIVE DEFENSE

Plaintiff is barred from recovery, in whole or in part, by the doctrine of ratification. Plaintiff is barred from raising claims about Capital One's assessment of overdraft fees, because after receiving express notice of Capital One's pertinent policies in the Account Agreements, including Capital One's policies regarding "Authorize Positive, Settle Negative transactions," Plaintiff continued to use her debit card and to enter into transactions that caused her to incur overdraft fees.  Plaintiff accepted the benefits of Capital One's policies and practices regarding overdrafts and is precluded from now repudiating the charges associated with the operation of those policies and practices.  Moreover, Plaintiff incurred overdrafts where she knew, or should have known, that she did not have sufficient funds in their accounts to cover the transactions.

## NINETEENTH AFFIRMATIVE DEFENSE

Plaintiff is barred from challenging Capital One's interpretation, application and implementation of the terms and provisions of the Account Agreements because Plaintiff acquiesced to Capital One's interpretation, application and implementation of the contractual terms and provisions as a course of dealing, and benefited from Capital One's interpretation, application and implementation of the contractual terms and provisions.

## ADDITIONAL DEFENSES

Capital One reserves the right to plead additional affirmative defenses as discovery progresses.  In addition, as pled, the affirmative defenses apply to named Plaintiff Tawanna M. Roberts.  Capital One reserves the right to plead additional affirmative defenses that it may have against members of the class, in the event that any class is certified in this action.

sf-3877594

## **PRAYER**

WHEREFORE, on the purported claims for relief asserted against Defendant Capital One in the Complaint, Capital One prays for judgment as follows:

1.      That Plaintiff's requests for certification of a class be denied;

2.      That the relief sought by Plaintiff in the Prayer for Relief of the Complaint be denied;

3.      That the Complaint be dismissed in its entirety, judgment be entered in favor of Capital One, and that the Court award Capital One reasonable attorneys' fees and expenses and the costs and disbursements of defending this action along with such other and further relief as the Court deems just and proper.

## **DEMAND FOR JURY TRIAL**

Capital One hereby requests that the Court deny Plaintiff's demand for a trial by jury as to all issues stated herein, and all issues so triable.

sf-3877594

Dated: New York, New York          MORRISON & FOERSTER LLP
       May 30, 2018

                                    By: s/ Jessica  L. Kaufman
                                    James R. McGuire (*pro hac vice*)
                                    Sarah N. Davis (*pro hac vice*)
                                    Lauren Wroblewski (*pro hac vice*)
                                    425 Market Street
                                    San Francisco, California
                                    Telephone: (415) 268-7000
                                    jmcguire@mofo.com
                                    sarahdavis@mofo.com
                                    lwroblewski@mofo.com

                                    Jessica L. Kaufman
                                    250 West 55th Street
                                    New York, New York 10019
                                    Telephone: (212) 468-8000
                                    jkaufman@mofo.com

                                  *Attorneys for Defendant Capital One, N.A.*

-21-

## CERTIFICATE OF SERVICE

I, Jessica Kaufman, hereby certify that on May 30, 2018, **DEFENDANT CAPITAL ONE, N.A.'S ANSWER TO PLAINTIFF'S CLASS ACTION COMPLAINT** was served by ECF as follows:

Jeffrey Kaliel                                          Via ECF
Sophia Goren Gold
KALIEL PLLC
1875 Connecticut Ave. NW, 10th Floor
Washington, D.C. 20009
jkaliel@kalielpllc.com
sgold@kalielpllc.com

Laurie Rubinow                                          Via ECF
James E. Miller
SHEPHERD, FINKELMAN, MILLER & SHAH, LLP
65 Main Street
Chester, CT  06412
lrubinow@sfmslaw.com
jmiller@sfmslaw.com

Jeffrey M. Ostrow                                       Via ECF
KOPELOWITZ OSTROW P.A.
200 S.W. First Avenue, 12th Floor
Fort Lauderdale, FL  33301
ostrow@kolawyers.com