# UNITED STATES DISTRICT COURT
## SOUTHERN DISTRICT OF NEW YORK

| | |
|---|---|
| TAWANNA M. ROBERTS, individually and on behalf of all others similarly situated,<br><br>                             Plaintiff,<br><br>- against -<br><br>CAPITAL ONE, N.A.,<br><br>                             Defendant. | Case No. 1:16-cv-04841-LGS |

**PLAINTIFF'S RESPONSE TO DEFENDANT CAPITAL ONE, N.A.'S OBJECTIONS TO EVIDENCE SUBMITTED IN PLAINTIFF'S RESPONSE TO CAPITAL ONE'S MOTION FOR SUMMARY JUDGMENT**

Plaintiff Tawanna Roberts ("Ms. Roberts") responds to Defendant Capital One, N.A.'s objections to Ms. Roberts's evidence submitted in support of its summary judgment briefing, Dkt. 111, and respectfully requests the opportunity to submit supplemental exhibits (in excess of the Court's limit of 15) in order to respond to Capital One's foundational objections, in the unlikely event the Court deems it necessary.

## I.   Capital One's Objections Improperly Insert Additional Argument in Excess of this Court's Page Limitations for Summary Judgment Briefing

Federal Rule of Civil Procedure 56(c)(2) states "[a] party may object that the material cited to support or dispute a fact cannot be presented in a form that would be admissible in evidence." However, purported objections that actually go to the weight rather than the admissibility of the proffered evidence are improper and should be overruled. *Meyer v. N.Y. Office of Mental Health*, 174 F. Supp. 3d 673, 675 n.1 (E.D.N.Y. 2016). In its "objections" to Ms. Roberts's evidence, Capital One argues on numerous occasions that the evidence does not support the propositions for which it was cited by Ms. Roberts or that the evidence is insufficient to impute corporate knowledge on Capital One. *See, e.g.*, Dkt. 111 at 3, 4, 5, 6, 7, 8.

While couched as evidentiary objections, these objections are mostly argument against Ms. Roberts's position as to how the evidence should be interpreted and what weight it should be given on summary judgment.[1] This is an improper basis for evidentiary objections, which should go to admissibility only, not to the weight to be afforded or the parties' competing opinions about how the evidence should be construed—in the light most favorable to the non-moving party. Thus, these objections violate the Court's page limitations for summary judgment briefing in this case by raising additional argument disguised as evidentiary objections. *See, e.g., Steinberg v. Nationwide Mut. Ins. Co.*, 224 F.R.D. 67, 71 (E.D.N.Y. 2004) (granting defendant's motion to strike legal arguments set forth in plaintiff's counsel's reply affidavit, which had "the effect of circumventing the court's page limits on memoranda"); *see also In re Paine Webber Sec. Litig.*, No. 86-civ-6776, 1992 WL 725359, at *1 n.2 (S.D.N.Y. Sept. 18, 1992) (finding that exhibits summarizing legal arguments and case law citations "effectively evad[ed] the three page limitation contained in the [court's] Order by including legal arguments in the form of exhibits rather than in the . . . memorandum or law"). Thus, to the extent the objections contain argument about what the evidence actually shows, they should be overruled as improper objections.

## II.     Capital One's Objections Misstate the Form of Evidence Submitted at Summary Judgment —The Court May Consider Inadmissible Evidence on Summary Judgment if It May Reasonably be Presented in Admissible Form at Trial.

On the merits, relying on barely relevant case law, Capital One argues several documents it produced in discovery in this case (mostly internal emails between Bank employees) should not properly be considered on summary judgment due to alleged violations of evidentiary rules—lack of foundation, lack of personal knowledge, and hearsay. In so arguing, Capital One mischaracterizes the

---

[1] The fact that Capital One submits additional exhibits attempting to refute Ms. Roberts's characterization of what the evidence shows supports the proposition that the "objections" are improper argument. To the extent that Capital One disputes what the evidence shows, such argument should have been reserved for the reply memorandum, not an objection to admissibility.

proper legal standard. "It is well-established that even inadmissible evidence may properly be considered on summary judgment if it may reasonably be reduced to admissible form at trial." *Parks v. Blanchette*, 144 F. Supp. 3d 282, 293 (D. Conn. 2015) (internal quotation omitted); *see also Celotex Corp. v. Catrett*, 477 U.S. 317, 324 (1986) ("We do not mean that the nonmoving party must produce evidence in a form that would be admissible at trial in order to avoid summary judgment.").[2] Put another way, if the objection is one that can be resolved by calling the appropriate witness at trial, it lacks merit at the summary judgment stage. *See id.* ("[T]he Court can and will consider the factual statements [in medical records] because they may be presented in admissible form at trial, namely by introducing the medical records and/or by calling the witnesses to testify.").

All of Capital One's objections easily fall into this category. *See id.* (rejecting hearsay objection because it could be remedied at trial); *Bruce Lee Enterprises, LLC v. A.V.E.L.A., Inc.*, No. 10 CV 2333 KMW, 2013 WL 822173, at *7 (S.D.N.Y. Mar. 6, 2013) (rejecting foundation objection to documents attached to the declaration because though the attorney "may not be able to testify regarding some of these exhibits at trial, the documents would be otherwise admissible . . . by cross-examination of [the appropriate witnesses at trial]."); *see also Zambrana v. Pressler & Pressler, LLP*, No. 16-CV-2907 (VEC), 2016 WL 7046820, at *5 n.8 (S.D.N.Y. Dec. 2, 2016) (considering an unauthenticated document in motion to compel arbitration on a summary-judgement like standard). Here, because Ms. Roberts can properly lay the foundation for the introduction of the challenged documents and/or their contents by calling the appropriate witnesses at trial, Capital One's objections should be rejected *ab initio*.

### III.   In the Event the Court Is Inclined to Consider Their Merits, Ms. Roberts Respectfully Requests She be Permitted to Submit Additional Exhibits in Response

Capital One purports to lodge three objections to Exhibits 6-14 attached to the Declaration

---

[2] Notably, here, the evidence offered by Ms. Roberts—to which Capital One objects—is only in her capacity as the non-movant. Indeed, Ms. Roberts's Cross-Motion for Partial Summary Judgment argues that there is no relevant extrinsic evidence that can or should be used to construe the contract.

of Jonathan Streisfeld ("Exhibits"): that they are "inadmissible for lack of foundation, lack of personal knowledge, and hearsay." Dkt. 111 at 2. Ms. Roberts addresses each category of objections in turn.

First, with respect to the hearsay objections (raised only in regard to Exhibit 7 and 13), Ms. Roberts does not attempt to use either exhibit to prove the truth of the matter asserted. Ms. Roberts offers Exhibit 7 to show awareness on the part of Capital One regarding its own practice. *United States v. Song*, 436 F.3d 137, 139 (2d Cir. 2006) (finding the district court erred in excluding certain statements not offered for the truth of the matter asserted). Ms. Roberts offers Exhibit 13 to demonstrate that conversations on this subject were occurring inside Capital One.

Second, Capital One argues that Exhibits 11 and 13 constitute inadmissible lay opinion in violation of Fed. R. Evid. 701. However, Capital One cites no case to support its half-hearted arguments that Capital One's employees' statements are opinions that must be supported by expert testimony. In fact, the documents themselves were only cited to show Capital One had knowledge of certain practices as well as customer responses to certain practices. Nothing here requires expert testimony.

Third, Capital One's relevance objections to Exhibit 12 is unfounded as there is no jury to confuse or unfairly prejudice. "The prejudice that Rule 403 is concerned with involves some adverse effect . . . beyond tending to prove the fact or issue that justified its admission into evidence." *Kamara v. United States*, 2005 U.S. Dist. LEXIS 20651, at *18-19 (S.D.N.Y. Sep. 19, 2005) (alteration in original) (quoting *Perry v. Ethan Allen, Inc.*, 115 F.3d 143, 151 (2d Cir. 1997). "While the Rules of Evidence apply with equal force in jury and non-jury trials, courts often apply the relevance standard with little rigor during a bench trial . . . While standards for admissible evidence are not 'out the window entirely' in a bench trial, 'all doubts at a bench trial should be resolved in favor of admissibility.'" *Com. Funding Corp. v. Comp. Habilitation Servs.*, 2004 U.S. Dist. LEXIS 17791, at *14-15 (S.D.N.Y. Sep. 2, 2004) (internal citations omitted). As this Court sits in the same position as a trier of fact on summary judgment, the

same rule applies, and all doubts about relevance should be resolved in favor of admissibility, given that there is no risk of prejudice or confusions of the issues.

Fourth, the lack of foundation and lack of personal knowledge objections are also misplaced. As an initial matter, both of these objections go to the weight of the evidence, not its admissibility. Further, Ms. Roberts is not required to depose every person on every email that she offers into evidence. Such a rule would result in a tremendous waste of judicial resources and would likely violate the Federal Rules' presumptive maximum that a party may not take more than ten depositions. *See* Fed. R. Civ. P. 30(a)(2)(A)(i). Rather, because Ms. Roberts is capable of calling the author of each of these documents at trial, there is no basis to argue that such documents cannot be submitted in any admissible form at trial.

Finally, Ms. Roberts has laid proper foundation and demonstrated sufficient personal knowledge of key Capital One employees for the admission of Exhibits 6–14. The Court limits the number of exhibits a party may submit in support of or opposition to a motion for summary judgment to 15, each including no more than 15 pages. Ms. Roberts has already submitted 15 exhibits. *See* Dkt. 107. While Ms. Roberts does not believe supplemental briefing and exhibits in response to Capital One's Objections are necessary to lay the foundation or to demonstrate personal knowledge, given that documents do not need to be in admissible form at summary judgment, if the Court disagrees, Ms. Roberts respectfully requests the opportunity to submit additional exhibits to address those objections. Ms. Roberts would submit additional deposition excerpts demonstrating the positions that the relevant employees had with Capital One.

In conclusion, this Court should reject Capital One's objections and consider the Ms. Roberts's evidence in its evaluation of Capital One's motion for summary judgment. The evidence put forward by Ms. Roberts is capable of being reduced to admissible form at trial. In the unlikely event the Court disagrees and decides to consider the merits of Capital One's foundational objections,

Ms. Roberts respectfully requests the opportunity to submit additional exhibits.

Dated:  April 1, 2019

By: /s/ Jonathan Streisfeld
Jonathan M. Streisfeld (*pro hac vice*)
Jeff Ostrow (*pro hac vice*)
Joshua R. Levine (*pro hac vice*)
**KOPELOWITZ OSTROW**
**FERGUSON WEISELBERG GILBERT**
One West Las Olas Boulevard, Suite 500
Fort Lauderdale, Florida 33301
Telephone: 954-525-4100
Facsimile: 954-525-4300
*streisfeld@kolawyers.com*
*ostrow@kolawyers.com*

Jeffrey D. Kaliel (*pro hac vice*)
Sophia G. Gold (*pro hac vice pending*)
**KALIEL PLLC**
1875 Connecticut Ave., NW, 10th Floor
Washington, D.C.  20009
(202) 350-4783
*jkaliel@kalielpll.com*

## CERTIFICATE OF SERVICE

I, Jonathan M. Streisfeld, hereby certify that on April 1, 2019, caused the foregoing to be served via CM/ECF and email on the following counsel of record:

James R. McGuire (pro hac vice)
Sarah N. Davis (pro hac vice)
Lauren Wroblewski (pro hac vice)
MORRISON & FOERSTER LLP
425 Market Street
San Francisco, California
Telephone: (415) 268-7000
jmcguire@mofo.com
sarahdavis@mofo.com
lwroblewski@mofo.com

Jessica L. Kaufman
Tiffani B. Figueroa
MORRISON & FOERSTER LLP
250 West 55th Street
New York, New York 10019
Telephone: (212) 468-8000
jkaufman@mofo.com

*Attorneys for Defendant Capital One, N.A.*

/s/ Jonathan M. Streisfeld
Jonathan M. Streisfeld