# EXHIBIT A

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

| | |
|---|---|
| TAWANNA ROBERTS, on behalf of herself and all others similarly situated,<br><br>           Plaintiff,<br><br>   vs.<br><br>CAPITAL ONE, N.A.,<br><br>         Defendant. | CASE NO.  1:16-cv-04841-LGS |

## <u>SETTLEMENT AGREEMENT AND RELEASES</u>

This Settlement Agreement and Releases ("Settlement" or "Agreement")[1], dated as of December 16, 2019, is entered into by Plaintiff Tawanna Roberts, individually and on behalf of the Settlement Class, and Defendant Capital One, N.A. Plaintiff and Capital One are each individually a "Party" and are collectively the "Parties."  The Parties hereby agree to the following terms in full settlement of the action entitled *Roberts v. Capital One, N.A.*, No. 1:16-cv-04841-LGS, subject to Final Approval, as defined below, by the United States District Court for the Southern District of New York.

## I.    <u>Recitals</u>

1.      On June 22, 2016, Plaintiff filed the Action and alleged that Capital One charged Overdraft Fees on Debit Card Transactions that authorized against a positive balance but settled against a negative balance due to intervening charges.  Plaintiff alleged that this practice is prohibited by the terms of Capital One's Rules Governing Deposit Accounts and Electronic Fund Transfer Agreement and Disclosure for Personal and Commercial Accounts.

---

[1] All capitalized terms herein have the meanings ascribed to them in Section II or various places in the Agreement.

2.      On September 2, 2016, Capital One filed a Motion to Dismiss the Action on the basis that the Class Action Complaint failed to state a cause of action.

3.      On October 11, 2016, Plaintiff filed a Response in Opposition to the Motion to Dismiss.

4.      On May 4, 2017, the Court granted the Motion to Dismiss, thereafter entering judgment on May 5, 2017.

5.      On June 2, 2017, Plaintiff filed a Notice of Appeal of the judgment.

6.      On December 1, 2017, the Second Circuit Court of Appeals issued its opinion vacating the judgment of the Court with respect to Plaintiff's causes of action for breach of contract and violation of New York General Business Law § 349, and remanding the Action for further proceedings. The Court of Appeals issued the mandate on December 28, 2017, to return jurisdiction to the Court. Thereafter, on May 31, 2018, Capital One filed its Answer and Affirmative Defenses.

7.      The Parties engaged in extensive fact and class discovery, retained experts, and exchanged expert reports. The Parties served written discovery, Class Counsel reviewed approximately 49,285 pages of documents, and the Parties took eight depositions.

8.      On October 18, 2018, the Parties participated in a full-day mediation in New York with mediator Simeon Baum, Esq. In advance of the mediation, Capital One provided data for Plaintiff's expert to review and analyze to reasonably estimate the value of class damages. The mediation concluded that day without the Parties reaching an agreement.

9.      On January 25, 2019, Capital One filed a Motion for Summary Judgment, Memorandum of Law in Support, and Local Civil Rule 56.1 statement and evidence in support of same.

10.     On March 15, 2019, Plaintiff responded and filed her Cross-Motion for Summary Judgment, Memorandum of Law in Support, and Local Civil Rule 56.1 statement and evidence in support of same.

11.     On June 25, 2019, the Court held a hearing on the Parties' cross-motions for summary judgment, and at the hearing the Court ruled that the Parties' cross-motions for summary judgment would both be denied.

12.     On July 16, 2019, Capital One filed a Motion for Reconsideration of the order denying its motion for summary judgment and memorandum of law, which Plaintiff opposed. Capital One's motion remained pending when this Settlement was reached.

13.     On September 13, 2019, Plaintiff filed her Motion for Class Certification, which remained pending when this Settlement was reached.

14.     On October 10, 2019, the Parties once again met in New York with Simeon Baum, Esq. for a second full day of mediation. The case did not settle that day, but the Parties continued to negotiate and ultimately agreed to the material terms of a settlement on October 25, 2019. The Parties then filed a Notice of Settlement on October 30, 2019, confirming their agreement in principle and requesting that the Court stay all deadlines in the Action.

15.     The Parties now agree to settle the Action in its entirety, without any admission of liability, with respect to all Released Claims of the Releasing Parties (definitions below). The Parties intend this Agreement to bind Plaintiff, Capital One, and all Settlement Class Members.

**NOW, THEREFORE,** in light of the foregoing, for good and valuable consideration, the receipt and sufficiency of which is hereby mutually acknowledged, the Parties agree, subject to approval by the Court, as follows:

## II.   <u>Definitions</u>

In addition to the terms defined at various points within this Agreement, the following Defined Terms apply throughout this Agreement:

16.    "Account" means any consumer checking account maintained by Capital One, with the exception of Capital One 360 accounts.

17.    "Account Holder" means any person who has or had any interest, whether legal or equitable, in an Account during the Class Period.

18.    "Action" means *Tawanna Roberts v. Capital One, N.A.*, S.D.N.Y. Case No. 1:16-cv-04841-LGS.

19.    "Capital One" means Capital One, N.A.

20.    "Class Counsel" means:

KOPELOWITZ OSTROW P.A.          TYCKO & ZAVAREEI, LLP
Jeff Ostrow, Esq.                              Hassan Zavareei, Esq.
Jonathan M. Streisfeld, Esq.               1828 L Street NW
Joshua Levine, Esq.                          Suite 1000
1 West Las Olas Blvd.                        Washington, DC 20036
Suite 500
Fort Lauderdale, FL 33301

KALIEL PLLC
Jeffrey Kaliel, Esq.
Sophia Gold, Esq.
1875 Connecticut Ave. NW
10th Floor
Washington, DC 20009

and such other counsel as are identified in Class Counsel's request for attorneys' fees and costs.

21.    "Class Period" means:

a.    for Settlement Class Members who established Accounts in Connecticut, the period from August 16, 2010, through November 7, 2018;

b.     for Settlement Class Members who established Accounts in Delaware, the period

from June 22, 2013, through November 7, 2018;

      c.    for Settlement Class Members who established Accounts in Louisiana, the period from August 16, 2010, through November 7, 2018;

      d.    for Settlement Class Members who established Accounts in Maryland, the period from June 22, 2013, through November 7, 2018;

      e.    for Settlement Class Members who established Accounts in New Jersey, the period from August 16, 2010, through November 7, 2018;

      f.    for Settlement Class Members who established Accounts in New York, the period from August 16, 2010, through November 7, 2018;

      g.    for Settlement Class Members who established Accounts in Texas, the period from June 22, 2012, through November 7, 2018;

      h.    for Settlement Class Members who established Accounts in Virginia, the period from June 22, 2011, through November 7, 2018; and

      i.    for Settlement Class Members who established Accounts in Washington D.C., the period from June 22, 2013, through November 7, 2018.

22.    "Class Representative" means Tawanna Roberts.

23.    "Court" means the United States District Court for the Southern District of New York.

24.    "Current Account Holder" means a Settlement Class Member who continues to have his or her Account as of the date that the Net Settlement Fund is distributed to Settlement Class Members pursuant to this Agreement.

25.    "Debit Card" means a card or similar device issued or provided by Capital One, including a debit card, check card, or automated teller machine ("ATM") card that can or could be

used to debit funds from an Account by Point of Sale and/or ATM transactions.

26.     "Debit Card Transaction" means a Point of Sale or ATM transaction using a Debit Card.

27.     "Effective Date" means the fifth business day after which all of the following events have occurred:

a.     The Court has entered without material change the Final Approval Order and judgment; and

b.     The time for seeking rehearing or appellate or other review has expired, and no appeal or petition for rehearing or review has been timely filed; or the Settlement is affirmed on appeal or review without material change, no other appeal or petition for rehearing or review is pending, and the time period during which further petition for hearing, review, appeal, or certiorari could be taken has finally expired and relief from a failure to file same is not available.

28.     "Final Approval" means the date that the Court enters the Final Approval Order.

29.     "Final Approval Hearing" is the hearing held before the Court wherein the Court will consider granting final approval to the Settlement and further determine the amount of fees, costs, and expenses awarded to Class Counsel and the amount of any Service Award to the Class Representative.

30.     "Final Approval Order" means the final order that the Court enters granting final approval to the Settlement. The proposed Final Approval Order shall be in a form agreed upon by the Parties and shall be substantially in the form attached as an exhibit to the Motion for Final Approval. Final Approval Order also includes the orders, which may be entered separately, determining the amount of fees, costs, and expenses awarded to Class Counsel and the amount of any Service Award to the Class Representative.

31.    "Net Settlement Fund" means the Settlement Fund, minus Court approved attorneys' fees, costs and expenses, any notice and administration expenses incurred in excess of $750,000.00, and any Court approved Service Award to Plaintiff.

32.    "Notice" means the notices that the Parties will ask the Court to approve in connection with the Motion for Preliminary Approval of the Settlement.

33.    "Notice Program" means the methods provided for in this Agreement for giving the Notice and consists of Postcard Notice, Email Notice, and Long Form Notice (all defined herein below), which shall be substantially in the forms as the exhibits attached to the Motion for Preliminary Approval.

34.    "Opt-Out Period" means the period that begins the day after the earliest date on which the Notice is first distributed, and that ends no later than 30 days before the Final Approval Hearing. The deadline for the Opt-Out Period will be specified in the Notice.

35.    "Overdraft Fee" means any fee or fees assessed to a holder of an Account for items paid when the Account has insufficient funds.

36.    "Past Account Holder" means a Settlement Class Member who no longer holds his or her Account as of the date that the Net Settlement Fund is distributed to Settlement Class Members pursuant to this Agreement.

37.    "Plaintiff" means Tawanna Roberts.

38.    "Preliminary Approval" means the date that the Court enters, without material change, an order preliminarily approving the Settlement, substantially in the form of the exhibit attached to the Motion for Preliminary Approval.

39.    "Preliminary Approval Order" means the order granting Preliminary Approval of this Settlement.

40.    "Releases" means all the releases contained in Section XIII hereof.

41.    "Released Claims" means all claims to be released as specified in Section XIII hereof.

42.    "Releasing Parties" means Plaintiff and all Settlement Class Members, and each of their respective executors, representatives, heirs, predecessors, assigns, beneficiaries, successors, bankruptcy trustees, guardians, joint tenants, tenants in common, tenants by entireties, agents, attorneys, and all those who claim through them or on their behalf.

43.    "Service Award" means any Court ordered payment to Plaintiff for serving as Class Representative, which is in addition to any payment due Plaintiff as a Settlement Class Member.

44.    "Settlement Administrator" means BrownGreer PLC. Settlement Class Counsel and Capital One may, by agreement, substitute a different organization as Settlement Administrator, subject to approval by the Court if the Court has previously approved the Settlement preliminarily or finally. In the absence of agreement, either Settlement Class Counsel or Capital One may move the Court to substitute a different organization as Settlement Administrator, upon a showing that the responsibilities of Settlement Administrator have not been adequately executed by the incumbent.

45.    "Settlement Administration Costs" means all costs and fees of the Settlement Administrator regarding notice and settlement administration.

46.    "Settlement Administration Costs Cap" means the $750,000.00 maximum that Capital One is obligated to pay toward Notice and Settlement Administration Costs.

47.    "Settlement Class" means all current and former Capital One consumer checking account customers, other than those with Capital One 360 accounts, who were charged an Overdraft Fee on a Debit Card Transaction that was authorized into a positive available balance,

but settled against a negative balance, during the Class Period.  Excluded from the Settlement Class is Capital One, its parents, subsidiaries, affiliates, officers and directors; all Settlement Class members who make a timely election to be excluded; and all judges assigned to this litigation and their immediate family members.

48.   "Settlement Class Member" means any member of the Settlement Class who has not opted-out of the Settlement and who is entitled to the benefits of the Settlement, including a Settlement Class Member Payment.

49.   "Settlement Class Member Payment" means the cash distribution that will be made from the Net Settlement Fund to each Settlement Class Member, pursuant to the allocation terms of the Settlement.

50.   "Settlement Fund" means the $17,000,000.00 common cash fund Capital One is obligated to pay under the Settlement. The Settlement Fund will be funded into an escrow account established by the Settlement Administrator within 7 days of the Court's entry of the Preliminary Approval Order. The Settlement Fund will be used to pay the Settlement Class Member Payments, any attorneys' fees, expenses, costs, and Service Award ordered by the Court, any Settlement Administration Costs in excess of $750,000.00, and any *cy pres* payment required under this Agreement.

51.   "Settlement Website" means the website that the Settlement Administrator will establish as a means for Settlement Class members to obtain notice of and information about the Settlement, through and including hyperlinked access to this Agreement, the Long Form Notice, Preliminary Approval Order, and such other documents as the Parties agree to post or that the Court orders posted on the website. These documents shall remain on the Settlement Website at least until Final Approval. The URL of the Settlement Website shall be

www.capitaloneoverdraftlitigation.com, or such other URL as Class Counsel and Capital One agree upon in writing. The Settlement Website shall not include any advertising, and shall not bear or include the Capital One logo or Capital One trademarks. Ownership of the Settlement Website URL shall be transferred to Capital One within 10 days of the date on which operation of the Settlement Website ceases.

### III.  Certification of the Settlement Class

52.     For Settlement purposes only, Plaintiff and Capital One agree to ask the Court to certify the Settlement Class under the Federal Rules of Civil Procedure.

### IV.  Settlement Consideration

53.     Subject to approval by the Court, Capital One shall establish a cash Settlement Fund of $17,000,000.00 and further pay up to $750,000.00 toward Settlement Administration Costs. The Settlement Fund shall be used to pay Settlement Class Members their respective Settlement Class Member Payments; any and all attorneys' fees; costs and expenses awarded to Class Counsel; any Service Award to the Class Representative; and all costs and expenses incurred by the Settlement Administrator in excess of the Settlement Administration Costs Cap. Capital One shall not be responsible for any other payments under this Agreement.

### V.  Settlement Approval

54.     Upon execution of this Agreement by all Parties, Class Counsel shall promptly move the Court for an order granting Preliminary Approval of this Settlement. The proposed Preliminary Approval Order that will be attached to the motion shall be in a form agreed upon by Class Counsel and Capital One. The Motion for Preliminary Approval shall, among other things, request that the Court: (1) approve the terms of the Settlement as within the range of fair, adequate, and reasonable; (2) provisionally certify the Settlement Class pursuant to  Federal Rule of Civil

Procedure 23 for settlement purposes only; (3) approve the Notice Program set forth herein and approve the form and content of the Notices of the Settlement; (4) approve the procedures set forth herein below for Settlement Class members to exclude themselves from the Settlement Class or to object to the Settlement; (5) stay the Action pending Final Approval of the Settlement; and (6) schedule a Final Approval Hearing for a time and date mutually convenient for the Court, Class Counsel, and counsel for Capital One, at which the Court will conduct an inquiry into the fairness of the Settlement, determine whether it was made in good faith, and determine whether to approve the Settlement and Class Counsel's application for attorneys' fees, costs and expenses and for a Service Award to the Class Representative.

## VI.   **Discovery and Settlement Data**

55.    Class Counsel and Capital One already have engaged in significant discovery related to liability and damages. Additionally, for purposes of effectuating the Settlement, Capital One will make available to Class Counsel and its expert, data for the entirety of the Class Period, similar to that previously provided for mediation purposes, such that Plaintiff's expert may determine Settlement Class membership and ultimately the amount of Settlement Class Member damages. Because Plaintiff's expert will not have access to Settlement Class member names or Account numbers, Plaintiff's expert will provide his results to Capital One, which will then create a list of Settlement Class members and their electronic mail or postal addresses, which will be provided to the Settlement Administrator to provide Notice.

## VII.   **Settlement Administrator**

56.    The Settlement Administrator shall administer various aspects of the Settlement as described in the next paragraph hereafter and perform such other functions as are specified for the Settlement Administrator elsewhere in this Agreement, including, but not limited to, effectuating

the Notice Program and distributing the Settlement Fund as provided herein.

57.     The duties of the Settlement Administrator, in addition to other responsibilities that are described in the preceding paragraph and elsewhere in this Agreement, are as follows:

a.     Use the name and address information for Settlement Class members provided by Capital One in connection with the Notice Program approved by the Court, for the purpose of distributing the Mailed Notice, Email Notice, and Long Form Notice, and later mailing distribution checks to Past Account Holder Settlement Class Members, and to Current Account Holder Settlement Class Members where it is not feasible or reasonable for Capital One to make the payment by a credit to the Settlement Class Members' Accounts;

b.     Establish and maintain a post office box for requests for exclusion from the Settlement Class;

c.     Establish and maintain the Settlement Website;

d.     Establish and maintain an automated toll-free telephone line for Settlement Class members to call with Settlement-related inquiries, and answer the questions of Settlement Class members who call with or otherwise communicate such inquiries;

e.     Respond to any mailed Settlement Class member inquiries;

f.     Process all requests for exclusion from the Settlement Class;

g.     Provide weekly reports to Class Counsel and Capital One that summarizes the number of requests for exclusion received that week, the total number of exclusion requests received to date, and other pertinent information;

h.     In advance of the Final Approval Hearing, prepare an affidavit to submit to the Court confirming that the Notice Program was completed, describing how the Notice Program was completed, providing the names of each Settlement Class member who timely and properly

requested exclusion from the Settlement Class, and other information as may be necessary to allow the Parties to seek and obtain Final Approval.

i.      Distribute Settlement Class Member Payments by check to Past Account Holder Settlement Class Members;

j.      Provide to Capital One the amount of the Settlement Class Member Payments to Current Account Holder Settlement Class Members from the Settlement Fund and instruct Capital One to initiate the direct deposit of Settlement Class Member Payments to Current Account Holder Settlement Class Members.

k.      If funds remain available, repay Capital One for the amount of Settlement Administration Costs it paid;

l.      Pay invoices, expenses, and costs upon approval by Class Counsel and Capital One, as provided in this Agreement; and

m.      Any other Settlement-administration-related function at the instruction of Class Counsel and Capital One, including, but not limited to, verifying that the Settlement Funds has been distributed.

n.      Subject to the Settlement Administrator Costs Cap, costs related to Settlement Administration shall be paid by Capital One. Residual Funds, if any, shall be paid first to Capital One to reimburse it for these costs as indicated in Section XI.

**VIII.   <u>Notice to Settlement Class members</u>**

58.      As soon as practicable after Preliminary Approval of the Settlement, at the direction of Class Counsel and Capital One's Counsel, the Settlement Administrator shall implement the Notice Program provided herein, using the forms of Notice approved by the Court. The Notice shall include, among other information: a description of the material terms of the Settlement; a

date by which Settlement Class members may exclude themselves from or "opt-out" of the Settlement Class; a date by which Settlement Class Members may object to the Settlement; the date upon which the Final Approval Hearing is scheduled to occur; and the address of the Settlement Website at which Settlement Class members may access this Agreement and other related documents and information. Class Counsel and Capital One shall insert the correct dates and deadlines in the Notice before the Notice Program commences, based upon those dates and deadlines set by the Court in the Preliminary Approval Order. Notices provided under or as part of the Notice Program shall not bear or include the Capital One logo or trademarks or the return address of Capital One, or otherwise be styled to appear to originate from Capital One.

59. The Notice also shall include a procedure for members of the Settlement Class to opt-out of the Settlement Class. A Settlement Class member may opt-out of the Settlement Class at any time during the Opt-Out Period, provided the opt-out notice is postmarked no later than the last day of the Opt-Out Period. Any Settlement Class member who does not timely and validly request to opt-out shall be bound by the terms of this Agreement. If an Account has more than one Account Holder, and if one Account Holder excludes himself or herself from the Settlement Class, then all Account Holders on that account shall be deemed to have opted-out of the Settlement with respect to that Account, and no Account Holder shall be entitled to a payment under the Settlement.

60. The Notice also shall include a procedure for Settlement Class Members to object to the Settlement and/or to Class Counsel's application for attorneys' fees, costs and expenses and/or Service Award for the Class Representative. Objections to the Settlement, to the application for fees, costs, expenses, and/or to the Service Award must be mailed to the Clerk of the Court, Class Counsel, Capital One's counsel, and the Settlement Administrator. For an objection to be considered by the Court, the objection must be submitted no later than the last day of the Opt-Out

Period, as specified in the Notice. If submitted by mail, an objection shall be deemed to have been submitted when posted if received with a postmark date indicated on the envelope if mailed first-class postage prepaid and addressed in accordance with the instructions. If submitted by private courier (*e.g.*, Federal Express), an objection shall be deemed to have been submitted on the shipping date reflected on the shipping label.

61.    For an objection to be considered by the Court, the objection must also set forth:

a.    the name of the Action;

b.    the objector's full name, address and telephone number;

c.    all grounds for the objection, accompanied by any legal support for the objection known to the objector or objector's counsel;

d.    the number of times the objector has objected to a class action settlement within the five years preceding the date that the objector files the objection, the caption of each case in which the objector has made such objection, and a copy of any orders related to or ruling upon the objector's prior objections that were issued by the trial and appellate courts in each listed case;

e.    the identity of all counsel who represent the objector, including any former or current counsel who may be entitled to compensation for any reason related to the objection to the Settlement or fee application;

f.    the number of times in which the objector's counsel and/or counsel's law firm have objected to a class action settlement within the five years preceding the date that of the filed objection, the caption of each case in which counsel or the firm has made such objection and a copy of any orders related to or ruling upon counsel's or the counsel's law firm's prior objections that were issued by the trial and appellate courts in each listed case in which the objector's counsel and/or counsel's law firm have objected to a class action settlement within the preceding 5 years;

g.      any and all agreements that relate to the objection or the process of objecting—whether written or oral—between objector or objector's counsel and any other person or entity;

h.      the identity of all counsel (if any) representing the objector who will appear at the Final Approval Hearing;

i.      a list of all persons who will be called to testify at the Final Approval Hearing in support of the objection;

j.      a statement confirming whether the objector intends to personally appear and/or testify at the Final Approval Hearing; and

k.      the objector's signature (an attorney's signature is not sufficient).

Class Counsel and/or Capital One may conduct limited discovery on any objector consistent with the Federal Rules of Civil Procedure.

62.     Notice shall be provided to Settlement Class members in three different ways: (a) Email notice to Account Holders for whom Capital One has email addresses ("Email Notice"); (b) postcard notice to those Account Holders for whom Capital One does not have email addresses ("Postcard Notice"); and (c) long-form notice with greater detail than the Email Notice and Postcard Notice ("Long Form Notice"). Email Notice and Postcard Notice shall collectively be referred to as "Mailed Notice." Not all Settlement Class members will receive all forms of Notice, as detailed herein.

63.     Capital One will cooperate with Class Counsel and its expert to make available the necessary data to Class Counsel's expert to determine Settlement Class membership.  The data necessary for Class Counsel's expert to compile the Settlement Class membership list shall be provided as soon as practicable. Capital One will bear the expense of extracting the necessary data to make available to Class Counsel's expert for analysis, while Class Counsel shall be responsible

for paying Class Counsel's expert, who will analyze the data provided to determine Settlement Class membership as well as the amount of the Settlement Class' damages. The Settlement Administrator shall send out Email Notice to all Settlement Class members receiving Notice by that method. For those Settlement Class members for whom Capital One does not have email addresses, the Settlement Administrator shall run the physical addresses provided by Capital One through the National Change of Address Database and shall mail to all such Settlement Class members Postcard Notice.  The initial Mailed Postcard and Email Notice shall be referred to as "Initial Mailed Notice."

64.     The Settlement Administrator shall perform reasonable address traces for Mailed Notice postcards that are returned as undeliverable. By way of example, a "reasonable" tracing procedure would be to run addresses of returned postcards through the Lexis/Nexis database that can be utilized for such purpose. No later than 60 days before the Final Approval Hearing, the Settlement Administrator shall complete the re-mailing of Postcard Notice to those Settlement Class members whose new addresses were identified as of that time through address traces ("Notice Re-mailing Process"). The Settlement Administrator shall send Postcard Notice to all Settlement Class members whose emails were returned as undeliverable and complete such Notice pursuant to the deadlines described herein as they relate to the Notice Re-mailing Process.

65.     The Notice Program (which is composed of both the Initial Mailed Notice and the Notice Re-mailing Process) shall be completed no later than 60 days before the Final Approval Hearing.

66.     Subject to the Settlement Administration Costs Cap, costs related to the Notice Program shall be paid by Capital One. Residual Funds, if any, shall be paid first to Capital One to reimburse it for these costs, as indicated in Section XI.

67.    Within the provisions set forth in this Section VIII, further specific details of the Notice Program shall be subject to the agreement of Class Counsel and Capital One.

## IX.    **Final Approval Order and Judgment**

68.    Plaintiff's Motion for Preliminary Approval of the Settlement will include a request to the Court for a scheduled date on which the Final Approval Hearing will occur. Plaintiff shall file her Motion for Final Approval of the Settlement, inclusive of Class Counsel's application for attorneys' fees, costs and expenses and for a Service Award for the Class Representative, no later than 45 days before the Final Approval Hearing. At the Final Approval Hearing, the Court will hear argument on Plaintiff's Motion for Final Approval of the Settlement, and on Class Counsel's application for attorneys' fees, costs, and expenses and for the Service Award for the Class Representative. In the Court's discretion, the Court also will hear argument at the Final Approval Hearing from any Settlement Class Members (or their counsel) who object to the Settlement or to Class Counsel's application for attorneys' fees, costs, expenses or the Service Award application, provided the objectors submitted timely objections that meet all of the requirements listed in the Agreement.

69.    At or following the Final Approval Hearing, the Court will determine whether to enter the Final Approval Order granting Final Approval of the Settlement  and final judgment thereon, and whether to approve Class Counsel's request for attorneys' fees, costs, expenses and Service Award.  Such proposed Final Approval Order shall, among other things:

a.    Determine that the Settlement is fair, adequate and reasonable;

b.    Finally certify the Settlement Class for settlement purposes only;

c.    Determine that the Notice provided satisfies Due Process requirements;

d.    Bar and enjoin all Releasing Parties from asserting any of the Released Claims; bar

and enjoin all Releasing Parties from pursuing any Released Claims against Capital One or its affiliates at any time, including during any appeal from the Final Approval Order; and retain jurisdiction over the enforcement of the Court's injunctions;

        e.      Release Capital One and the Released Parties from the Released Claims; and

        f.      Reserve the Court's continuing and exclusive jurisdiction over the Parties to this Agreement, including Capital One, all Settlement Class Members, and all objectors, to administer, supervise, construe, and enforce this Agreement in accordance with its terms.

## X.    Calculation and Disbursement of Settlement Class Member Payments

    70.    The calculation and implementation of allocations of the Settlement Fund contemplated by this section shall be done by Class Counsel and its expert for the purpose of compensating Settlement Class Members.  The methodology provided for herein will be applied to the data as consistently, sensibly, and conscientiously as reasonably possible, recognizing and taking into consideration the nature and completeness of the data and the purpose of the computations. Consistent with its contractual, statutory, and regulatory obligations to maintain the security of and protect its customers' private financial information, Capital One shall make available such data and information as may reasonably be needed by Class Counsel and its expert to confirm and/or effectuate the calculations and allocations contemplated by this Agreement. Class Counsel shall confer with Capital One's counsel concerning any such data and information.

    71.    The amount of the Settlement Class Member Payment from the Net Settlement Fund to which each Settlement Class Member is entitled for the Class Period (subject to the availability of data) is to be determined using the following methodology or such other methodology as would have an equivalent result:

        a.      All accounts held by Settlement Class Members will be identified at which, on one

or more calendar days during the Class Period, Capital One assessed Overdraft Fees on Debit Card Transactions that were authorized into a positive available balance ("Relevant Overdraft Fees").

      b.      Relevant Overdraft Fees will be totaled for each Account.

      c.      The Net Settlement Fund will be allocated pro rata to the Settlement Class Members based on their number of Relevant Overdraft Fees.

72.      The Parties agree the foregoing allocation formula is exclusively for purposes of computing, in a reasonable and efficient fashion, the amount of any Settlement Class Member Payment each Settlement Class Member should receive from the Net Settlement Fund. The fact that this allocation formula will be used is not intended and shall not be used for any other purpose or objective whatsoever.

73.      The Settlement Administrator shall divide the total amount of the Net Settlement Fund by the total amount of all Settlement Class Members' Relevant Overdraft Fees. This calculation shall yield the "Pro Rata Percentage."

74.      Each Settlement Class Member's Pro Rata Percentage will be multiplied by the amount of the Net Settlement Fund, which yields a "Pre-Adjustment Payment Amount" for each Settlement Class Member.

75.      As soon as practicable but no later than 90 days from the Effective Date, Capital One and the Settlement Administrator shall distribute the Net Settlement Fund to Settlement Class Members.

76.      Settlement Class Member Payments to Current Account Holders shall be made either by a credit to those Account Holders' Accounts, or by mailed check in those circumstances where it is not feasible or reasonable to make the payment by a credit. Capital One shall notify Current Account Holders of any such credit and provide a brief explanation that the credit has been

made as a payment in connection with the Settlement. Capital One shall provide the notice of account credit described in this paragraph in or with the account statement on which the credit is reflected. Capital One will bear any costs associated with implementing the account credits and notification discussed in this paragraph. Settlement Class Member Payments made to Current Account Holders by check will be cut and mailed by the Settlement Administrator with an appropriate legend, in a form approved by Class Counsel and Capital One, to indicate that it is from the Settlement, and will be sent to the addresses that the Settlement Administrator identifies as valid. Checks shall be valid for 180 days.

77.     For jointly held Accounts, checks will be payable to all Account Holders, and will be mailed to the first Account Holder listed on the Account. The Settlement Administrator will make reasonable efforts to locate the proper address for any intended recipient of Settlement Funds whose check is returned by the Postal Service as undeliverable (such as by running addresses of returned checks through the Lexis/Nexis database that can be utilized for such purpose) and will re-mail it once to the updated address or, in the case of a jointly held Account, and in the Settlement Administrator's discretion, to an Account Holder other than the one listed first. In the event of any complications arising in connection with the issuance or cashing of a check, the Settlement Administrator shall provide written notice to Class Counsel and Capital One's Counsel. Absent specific instructions from Class Counsel and Capital One's Counsel, the Settlement Administrator shall proceed to resolve the dispute using its best practices and procedures to ensure that the funds are fairly and properly distributed to the person or persons who are entitled to receive them. All costs associated with the process of printing and mailing the checks and any accompanying communication to Current Account Holders shall be borne by Capital One.

78.     Capital One shall be entitled to a payment from the Net Settlement Fund equal to

the amount of account credits to be paid. Prior to making the account credits, Capital One shall request in writing, and the Settlement Administrator shall provide within 2 business days, a payment equal to the aggregate amount of account credits that are to be given. No later than 45 days prior to the Final Approval Hearing, Capital One shall file a declaration with the Court attesting to the fact that such Settlement Funds were credited to the Accounts of those Settlement Class Members who are Current Account Holders.

79.     Settlement Fund Payments to Past Account Holders will be made by check with an appropriate legend, in a form approved by Class Counsel and Capital One Counsel, to indicate that it is from the Settlement Fund. Checks will be cut and mailed by the Settlement Administrator and will be sent to the addresses that the Settlement Administrator identifies as valid. Checks shall be valid for 180 days. For jointly held Accounts, checks will be payable to all Account Holders, and will be mailed to the first Account Holder listed on the Account. The Settlement Administrator will make reasonable efforts to locate the proper address for any intended recipient of Settlement Funds whose check is returned by the Postal Service as undeliverable (such as by running addresses of returned checks through the Lexis/Nexis database that can be utilized for such purpose), and will re-mail it once to the updated address, or, in the case of a jointly held Account, and in the Settlement Administrator's discretion, to an Account Holder other than the one listed first. All costs associated with the process of printing and mailing the checks and any accompanying communication to Past Account Holders shall be borne by Capital One.

80.     The amount of the Net Settlement Fund attributable to uncashed or returned checks sent by the Settlement Administrator shall be held by the Settlement Administrator for up to one year from the date that the first distribution check is mailed by the Settlement Administrator. During this time, the Settlement Administrator shall make a reasonable effort to locate intended

recipients of settlement funds whose checks were returned (such as by running addresses of returned checks through the Lexis/Nexis database that can be utilized for such purpose) to effectuate delivery of such checks.  For any such recipients for whom updated addresses are found, the Settlement Administrator shall make only one additional attempt to re-mail or re-issue a distribution check to the updated address.

## XI.    **Disposition of Residual Funds**

81.    Within one year after the date the Settlement Administrator mails the first Settlement Class Member Payment, any remaining amounts resulting from uncashed checks ("Residual Funds") shall be distributed as follows:

a.    First, any Residual Funds shall be payable to Capital One for the amount that it paid in connection with Settlement Administration Costs up to the Settlement Administration Costs Cap.

b.    Second, any Residual Funds remaining after distribution shall be distributed on a *pro rata* basis to participating Settlement Class Members who received Settlement Class Member Payments, to the extent feasible and practical in light of the costs of administering such subsequent payments, unless the amounts involved are too small to make individual distributions economically feasible or other specific reasons exist that would make such further distributions impossible or unfair.

c.    Third, in the event the costs of preparing, transmitting and administering such subsequent payments pursuant to this Section are not feasible and practical to make individual distributions economically feasible or other specific reasons exist that would make such further distributions impossible or unfair, or if such a distribution is made and Residual Funds still remain, Class Counsel and Capital One shall seek the Court's approval to distribute the Residual Funds to

a *cy pres* recipient or recipients.  The Parties shall propose as a *cy pres* recipient or recipients an entity or entities that work to promote financial literacy.

      d.     All costs of any second distribution, including Capital One's internal costs of crediting Settlement Class Member Accounts, will come from the Residual Funds, and Capital One is not required to pay these costs as Settlement Administration Costs.

**XII.**    **Releases**

      82.    As of the Effective Date, Releasing Parties shall automatically be deemed to have fully and irrevocably released and forever discharged Capital One and each of its present and former parents, subsidiaries, divisions, affiliates, predecessors, successors and assigns, and the present and former directors, officers, employees, agents, insurers, members, attorneys, advisors, consultants, representatives, partners, joint venturers, independent contractors, wholesalers, resellers, distributors, retailers, predecessors, successors and assigns of each of them ("Released Parties"), of and from any and all liabilities, rights, claims, actions, causes of action, demands, damages, costs, attorneys' fees, losses and remedies, whether known or unknown, existing or potential, suspected or unsuspected, liquidated or unliquidated, legal, statutory, or equitable, based on contract, tort or any other theory, that result from, arise out of, are based upon, or relate to the conduct, omissions, duties or matters during the Class Period that were or could have been alleged in the Action ("Released Claims"), relating to the assessment of Overdraft Fees on Debit Card Transactions that authorized against a positive balance but settled against a negative balance due to intervening charges.

      83.    Each Settlement Class Member is barred and permanently enjoined from bringing on behalf of themselves, or through any person purporting to act on their behalf or purporting to assert a claim under or through them, any of the Released Claims against Capital One in any forum,

action, or proceeding of any kind.

84.     With respect to all Released Claims, Plaintiff and each of the other Settlement Class

Members agree that they are expressly waiving and relinquishing to the fullest extent permitted by

law (a) the provisions, rights and benefits conferred by Section 1542 of the California Civil Code,

which provides:

> A GENERAL RELEASE DOES NOT EXTEND TO CLAIMS THAT THE
> CREDITOR OR RELEASING PARTY DOES NOT KNOW OR SUSPECT TO
> EXIST IN HIS OR HER FAVOR AT THE TIME OF EXECUTING THE
> RELEASE AND THAT, IF KNOWN BY HIM OR HER, WOULD HAVE
> MATERIALLY AFFECTED HIS OR HER SETTLEMENT WITH THE
> DEBTOR OR RELEASED PARTY.

and (b) any law of any state or territory of the United States, federal law or principle of common

law, or of international or foreign law, that is similar, comparable or equivalent to Section 1542 of

the California Civil Code.

85.     Plaintiff or any Settlement Class Member may hereafter discover facts other than

or different from those that he/she knows or believes to be true with respect to the subject matter

of the claims released herein, or the law applicable to such claims may change. Nonetheless, each

of those individuals expressly agrees that, as of the Effective Date, he/she shall have automatically

and irrevocably waived and fully, finally, and forever settled and released any known or unknown,

suspected or unsuspected, asserted or unasserted, liquidated or unliquidated, contingent or non-

contingent claims with respect to all of the matters described in or subsumed by herein. Further,

each of those individuals agrees and acknowledges that he/she shall be bound by this Agreement,

including by the release herein and that all of their claims in the Action shall be dismissed with

prejudice and released, whether or not such claims are concealed or hidden; without regard to

subsequent discovery of different or additional facts and subsequent changes in the law; and even

if he/she never receives actual notice of the Settlement and/or never receives a distribution of funds

25

or credits from the Settlement. In addition to the releases made by Plaintiff and Settlement Class Members above, Plaintiff, including each and every one of her agents, representatives, attorneys, heirs, assigns, or any other person acting on her behalf or for her benefit, and any person claiming through her, makes the additional following general release of all claims, known or unknown, in exchange and consideration of the Settlement set forth in this Agreement. This named Plaintiff agrees to a general release of the Released Parties from all claims, demands, rights, liabilities, grievances, demands for arbitration, and causes of action of every nature and description whatsoever, known or unknown, pending or threatened, asserted or that might have been asserted, whether brought in tort or in contract, whether under state or federal or local law.

86.     Nothing in this Agreement shall operate or be construed to release any claims or rights that Capital One has to recover any past, present, or future amounts that may be owed by Plaintiff or by any Settlement Class Member on his/her accounts, loans or any other debts with Capital One, pursuant to the terms and conditions of such accounts, loans, or any other debts. Likewise, nothing in this Agreement shall operate or be construed to release any defenses or rights of set-off that Plaintiff or any Settlement Class Member has, other than with respect to the claims expressly released by this Agreement, in the event Capital One and/or its assigns seeks to recover any past, present, or future amounts that may be owed by Plaintiff or by any Settlement Class Member on his/her accounts, loans, or any other debts with Capital One, pursuant to the terms and conditions of such accounts, loans, or any other debts.

### XIII.   Payment of Attorneys' Fees, Costs, Expenses and Service Award

87.     Capital One agrees not to oppose Class Counsel's request for attorneys' fees of up to 35% of the Settlement Fund, and not to oppose Class Counsel's request for reimbursement of reasonable costs and expenses.  Any award of attorneys' fees and costs and expenses to Class

Counsel shall be payable solely out of the Settlement Fund. The Parties agree that the Court's failure to approve, in whole or in part, any award for attorneys' fees shall not prevent the Settlement Agreement from becoming Effective, nor shall it be grounds for termination.

88.     Within seven days of the Court's entry of the Final Approval Order or within seven days of Class Counsel providing all information required to make the payment, whichever is later, the Settlement Administrator shall pay Class Counsel all Court-approved attorneys' fees, costs and expenses from the Settlement Fund. In the event the award of attorneys' fees is reduced on appeal, or if the Effective Date does not occur (either because approval of the Settlement is overturned or the Agreement is terminated for any reason), Class Counsel shall reimburse the Settlement Fund, within 10 business days of the entry of the order reducing the fees, overturning the approval of the Settlement on appeal, or the termination of the Agreement, the difference between the amount distributed and the reduced amount (in the event of a reduction) or the entirety of the amount (in the event approval is overturned or the Agreement is terminated).

89.     After the fees, costs and expenses have been paid to Class Counsel by the Settlement Administrator, Class Counsel shall be solely responsible for distributing each Class Counsel firm's allocated share of such fees, costs and expenses to that firm. Capital One shall have no responsibility for any allocation, and no liability whatsoever to any person or entity claiming any share of the funds to be distributed for payment of attorneys' fees, costs, or expenses or any other payments from the Settlement Fund not specifically described herein.

90.     In the event the Effective Date does not occur, or the attorneys' fees or expenses and cost award is reduced following an appeal, each counsel and their law firms who have received any payment of such fees or costs shall be jointly and severally liable for the entirety. Further, each counsel and their law firms consent to the jurisdiction of the Court for the enforcement of this

provision.

91.　　Class Counsel will ask the Court to approve a Service Award to the Plaintiff in the amount of $15,000.00. The Service Award is to be paid by the Settlement Administrator to the Class Representative within 10 days of the Effective Date. The Service Award shall be paid to the Class Representative in addition to Class Representative's Settlement Class Member Payment. Capital One agrees not to oppose Class Counsel's request for a Service Award. The Parties agree that the Court's failure to approve a Service Award, in whole or in part, shall not prevent the Settlement Agreement from becoming Effective, nor shall it be grounds for termination.

92.　　The Parties negotiated and reached agreement regarding attorneys' fees, expenses, and costs, and the Service Award, only after reaching agreement on all other material terms of this Settlement.

**XIV.　Termination of Settlement**

93.　　This Settlement may be terminated by either Class Counsel or Capital One by serving on counsel for the opposing Party and filing with the Court a written notice of termination within 15 days (or such longer time as may be agreed in writing between Class Counsel and Capital One) after any of the following occurrences:

a.　　Class Counsel and Capital One agree to termination;

b.　　the Court rejects, materially modifies, materially amends or changes, or declines to preliminarily or finally approve the Settlement;

c.　　an appellate court vacates or reverses the Final Approval Order, and the Settlement is not reinstated and finally approved without material change by the Court on remand within 360 days after such reversal;

d.　　any court incorporates into, or deletes or strikes from, or modifies, amends, or

changes, the Preliminary Approval Order, Final Approval Order, or the Settlement in a way that Class Counsel or Capital One seeking to terminate the Settlement reasonably considers material;

      e.      the Effective Date does not occur; or

      f.      any other ground for termination provided for elsewhere in this Agreement.

94.     Capital One also shall have the right to terminate the Settlement by serving on Class Counsel and filing with the Court a notice of termination within 14 days after its receipt from the Settlement Administrator of any report indicating that the number of Settlement Class members who timely request exclusion from the Settlement Class equals or exceeds the number or percentage specified in the separate letter executed concurrently with this Settlement by Class Counsel and Capital One. The number or percentage shall be confidential except to the Court, which shall upon request be provided with a copy of the letter for *in camera* review.

## XV.     <u>Effect of a Termination</u>

95.     The grounds upon which this Agreement may be terminated are set forth herein above. In the event of a termination, this Agreement shall be considered null and void; all of Plaintiff's, Class Counsel's, and Capital One's obligations under the Settlement shall cease to be of any force and effect; and the Parties shall return to the status *quo ante* in the Action as if the Parties had not entered into this Agreement. In addition, in the event of such a termination, all of the Parties' respective pre-Settlement rights, claims and defenses will be retained and preserved.

96.     In the event of termination, Capital One shall have no right to seek reimbursement from Plaintiff's Class Counsel, or the Settlement Administrator, for Settlement Administration Costs paid by Capital One.  After payment of any invoices or other fees or expenses mentioned in this Agreement that have been incurred and are due to be paid from the Settlement Fund, to the extent any such fees or expenses have been incurred given Capital One's obligation in paragraph

53 to pay Settlement Administration Costs directly, the Settlement Administrator shall return the balance of the Settlement Fund to Capital One within seven calendar days of termination.

97.     The Settlement shall become effective on the Effective Date unless earlier terminated in accordance with the provisions hereof.

98.     In the event the Settlement is terminated in accordance with the provisions of this Agreement, any discussions, offers, or negotiations associated with this Settlement shall not be discoverable or offered into evidence or used in the Action or any other action or proceeding for any purpose. In such event, all Parties to the Action shall stand in the same position as if this Agreement had not been negotiated, made or filed with the Court.

**XVI.   No Admission of Liability**

99.     Capital One continues to dispute its liability for the claims alleged in the Action and maintains that its overdraft practices and representations concerning those practices complied, at all times, with applicable laws and regulations and the terms of the account agreements with its members. Capital One does not admit any liability or wrongdoing of any kind, by this Agreement or otherwise. Capital One has agreed to enter into this Agreement to avoid the further expense, inconvenience, and distraction of burdensome and protracted litigation, and to be completely free of any further claims that were asserted or could possibly have been asserted in the Action.

100.    Class Counsel believe that the claims asserted in the Action have merit, and they have examined and considered the benefits to be obtained under the proposed Settlement set forth in this Agreement, the risks associated with the continued prosecution of this complex, costly, and time-consuming litigation, and the likelihood of success on the merits of the Action. Class Counsel fully investigated the facts and law relevant to the merits of the claims, conducted significant informal discovery, and conducted independent investigation of the challenged practices. Class

Counsel concluded that the proposed Settlement set forth in this Agreement is fair, adequate, reasonable, and in the best interests of the Settlement Class members.

101.    The Parties understand and acknowledge that this Agreement constitutes a compromise and settlement of disputed claims. No action taken by the Parties either previously or in connection with the negotiations or proceedings connected with this Agreement shall be deemed or construed to be an admission of the truth or falsity of any claims or defenses heretofore made, or an acknowledgment or admission by any party of any fault, liability, or wrongdoing of any kind whatsoever.

102.    Neither the Settlement, nor any act performed or document executed pursuant to or in furtherance of the Settlement: (a) is or may be deemed to be, or may be used as, an admission of, or evidence of, the validity of any claim made by the Plaintiff or Settlement Class members, or of any wrongdoing or liability of the Released Parties; or (b) is or may be deemed to be, or may be used as, an admission of, or evidence of, any fault or omission of any of the Released Parties, in the Action or in any proceeding in any court, administrative agency, or other tribunal.

103.    In addition to any other defenses Class Counsel may have at law, in equity, or otherwise, to the extent permitted by law, this Agreement may be pleaded as a full and complete defense to, and may be used as the basis for an injunction against, any action, suit or other proceeding that may be instituted, prosecuted, or attempted in breach of this Agreement or the Releases contained herein.

### XIX.    <u>No Press Release</u>

104.    Neither Party shall issue any press release or shall otherwise initiate press coverage of the Settlement. If contacted, the Party may respond generally by stating that they are happy that the Settlement was reached and that it was a fair and reasonable result.

## XX.      **Miscellaneous Provisions**

105.     Gender and Plurals.  As used in this Agreement, the masculine, feminine or neuter gender, and the singular or plural number, shall each be deemed to include the others whenever the context so indicates.

106.     Binding Effect.  This Agreement shall be binding upon, and inure to for the benefit of, the successors and assigns of the Releasing Parties and the Released Parties.

107.     Cooperation of Parties.  The Parties to this Agreement agree to cooperate in good faith to prepare and execute all documents, to seek Court approval, uphold Court approval, and do all things reasonably necessary to complete and effectuate the Settlement described in this Agreement.

108.     Obligation to Meet and Confer.  Before filing any motion in the Court raising a dispute arising out of or related to this Agreement, the Parties shall consult with each other and certify to the Court that they have consulted.

109.     Integration.  This Agreement constitutes a single, integrated written contract expressing the entire agreement of the Parties relative to the subject matter hereof. No covenants, agreements, representations, or warranties of any kind whatsoever have been made by any Party hereto, except as provided for herein.

110.     No Conflict Intended.  Any inconsistency between the headings used in this Agreement and the text of the paragraphs of this Agreement shall be resolved in favor of the text.

111.     Governing Law. Except as otherwise provided herein, the Agreement shall be construed in accordance with, and be governed by, the laws of the State of New York, without regard to the principles thereof regarding choice of law.

112.     Counterparts. This Agreement may be executed in any number of counterparts, each of which shall be deemed an original, but all of which together shall constitute one and the

same instrument, even though all Parties do not sign the same counterparts. Original signatures are not required. Any signature submitted by facsimile or through email of an Adobe PDF shall be deemed an original.

113.   <u>Jurisdiction</u>. The Court shall retain jurisdiction over the implementation, enforcement, and performance of this Agreement, and shall have exclusive jurisdiction over any suit, action, proceeding, or dispute arising out of or relating to this Agreement that cannot be resolved by negotiation and agreement by counsel for the Parties. The Court shall retain jurisdiction with respect to the administration, consummation, and enforcement of the Agreement and shall retain jurisdiction for the purpose of enforcing all terms of the Agreement. The Court shall also retain jurisdiction over all questions and/or disputes related to the Notice Program and the Settlement Administrator. As part of their agreement to render services in connection with this Settlement, the Settlement Administrator shall consent to the jurisdiction of the Court for this purpose. The Court shall retain jurisdiction over the enforcement of the Court's injunction barring and enjoining all Releasing Parties from asserting any of the Released Claims and from pursuing any Released Claims against Capital One or its affiliates at any time, including during any appeal from the Final Approval Order.

114.   <u>Notices</u>.  All notices to Class Counsel provided for herein, shall be sent by email with a hard copy sent by overnight mail to:

KOPELOWITZ OSTROW
FERGUSON WEISELBERG GILBERT
Jeff Ostrow, Esq.
1 West Las Olas Blvd., Suite 500
Fort Lauderdale, Florida 33301
Email: ostrow@kolawyers.com
*Class Counsel*

TYCKO & ZAVAREEI, LLP
Hassan Zavareei, Esq.

1828 L Street Northwest
Suite 1000
Washington, DC 20036
Email: hzavareei@tzlegal.com
*Class Counsel*

KALIEL PLLC
Jeffrey Kaliel, Esq.
1875 Connecticut Avenue NW, 10th Floor
Washington, DC 20009
Email: jkaliel@kalielpllc.com
*Class Counsel*

MORRISON & FOERSTER LLP
James McGuire, Esq.
425 Market Street
San Francisco, CA 94105
Email: jmcguire@mofo.com
*Counsel for Capital One, N.A.*

The notice recipients and addresses designated above may be changed by written notice. Upon the request of any of the Parties, the Parties agree to promptly provide each other with copies of objections, requests for exclusion, or other filings received as a result of the Notice program.

115.   <u>Modification and Amendment</u>.  This Agreement may not be amended or modified, except by a written instrument signed by Class Counsel and counsel for Capital One and, if the Settlement has been approved preliminarily by the Court, approved by the Court.

116.   <u>No Waiver</u>.  The waiver by any Party of any breach of this Agreement by another Party shall not be deemed or construed as a waiver of any other breach, whether prior, subsequent, or contemporaneous, of this Agreement.

117.   <u>Authority</u>.  Class Counsel (for the Plaintiff and the Settlement Class Members), and counsel for Capital One (for Capital One), represent and warrant that the persons signing this Agreement on their behalf have full power and authority to bind every person, partnership, corporation or entity included within the definitions of Plaintiff and Capital One to all terms of

this Agreement. Any person executing this Agreement in a representative capacity represents and warrants that he or she is fully authorized to do so and to bind the Party on whose behalf he or she signs this Agreement to all of the terms and provisions of this Agreement.

118.   <u>Agreement Mutually Prepared</u>.  Neither Capital One nor Plaintiff, nor any of them, shall be considered to be the drafter of this Agreement or any of its provisions for the purpose of any statute, case law, or rule of interpretation or construction that would or might cause any provision to be construed against the drafter of this Agreement.

119.   <u>Independent Investigation and Decision to Settle</u>.  The Parties understand and acknowledge that they: (a) have performed an independent investigation of the allegations of fact and law made in connection with this Action; and (b) that even if they may hereafter discover facts in addition to, or different from, those that they now know or believe to be true with respect to the subject matter of the Action as reflected in this Agreement, that will not affect or in any respect limit the binding nature of this Agreement. Capital One has provided and is providing information that Plaintiff reasonably requests to identify Settlement Class members and the alleged damages they incurred. Both Parties recognize and acknowledge that they and their experts reviewed and analyzed data for a subset of the time at issue and that they and their experts used extrapolation to make certain determinations, arguments, and settlement positions. The Parties agree that this Settlement is reasonable and will not attempt to renegotiate or otherwise void or invalidate or terminate the Settlement irrespective of what any unexamined data later shows. It is the Parties' intention to resolve their disputes in connection with this Action pursuant to the terms of this Agreement now and thus, in furtherance of their intentions, the Agreement shall remain in full force and effect notwithstanding the discovery of any additional facts or law, or changes in law, and this Agreement shall not be subject to rescission or modification by reason of any changes or

DocuSign Envelope ID: 80A0343C-3D5C-4CEF-9507-3878FBDDC56D

differences in facts or law, subsequently occurring or otherwise.

120.   <u>Receipt of Advice of Counsel</u>.  Each Party acknowledges, agrees, and specifically warrants that he, she, or it has fully read this Agreement and the Releases contained herein, received independent legal advice with respect to the advisability of entering into this Agreement and the Releases, and the legal effects of this Agreement and the Releases, and fully understands the effect of this Agreement and the Releases.

Dated: __12/16/2019_____   _____
7C13656A04CB4D2
TAWANNA ROBERTS
*Plaintiff*


Dated: _____   _____
Jeff Ostrow, Esq.
KOPELOWITZ OSTROW
FERGUSON WEISELBERG GILBERT
*Class Counsel*


Dated:_____   _____
Hassan Zavareei, Esq.
TYCKO & ZAVAREEI LLP
*Class Counsel*


Dated:_____   _____
Jeffrey Kaliel, Esq.
KALIEL PLLC
*Class Counsel*


Dated: _____   CAPITAL ONE, N.A.


_____

By: _____
ITS_____


Dated: _____   _____
James McGuire, Esq.
MORRISON & FOERSTER LLP
*Counsel for Capital One, N.A.*


36

differences in facts or law, subsequently occurring or otherwise.

120.   <u>Receipt of Advice of Counsel.</u>  Each Party acknowledges, agrees, and specifically

warrants that he, she, or it has fully read this Agreement and the Releases contained herein,

received independent legal advice with respect to the advisability of entering into this Agreement

and the Releases, and the legal effects of this Agreement and the Releases, and fully understands

the effect of this Agreement and the Releases.

Dated: _____        _____
                                       TAWANNA ROBERTS
                                       *Plaintiff*

Dated: _____        _____
                                       Jeff Ostrow, Esq.
                                       KOPELOWITZ OSTROW
                                       FERGUSON WEISELBERG GILBERT
                                       *Class Counsel*

Dated: _____        _____
                                       Hassan Zavareei, Esq.
                                       TYCKO & ZAVAREEI LLP
                                       *Class Counsel*

Dated: _____        _____
                                       Jeffrey Kaliel, Esq.
                                       KALIEL PLLC
                                       *Class Counsel*

Dated: 12/16/19                        CAPITAL ONE, N.A.

                                       By: Mathew Cooper
                                       ITS General Counsel

Dated: _____        _____
                                       James McGuire, Esq.
                                       MORRISON & FOERSTER LLP
                                       *Counsel for Capital One, N.A.*

36

DocuSign Envelope ID: 7A71E82C-DB78-4532-B836-6F51DC449C59

differences in facts or law, subsequently occurring or otherwise.

120.   Receipt of Advice of Counsel. Each Party acknowledges, agrees, and specifically warrants that he, she, or it has fully read this Agreement and the Releases contained herein, received independent legal advice with respect to the advisability of entering into this Agreement and the Releases, and the legal effects of this Agreement and the Releases, and fully understands the effect of this Agreement and the Releases.

Dated: _____

Dated: _____12/16/19_____

**TAWANNA ROBERTS**
*Plaintiff*

_____
Jeff Ostrow, Esq.
KOPELOWITZ OSTROW
FERGUSON WEISELBERG GILBERT
*Class Counsel*

Dated: _____12/16/2019_____

_____
Hassan Zavareei, Esq.
TYCKO & ZAVAREEI LLP
*Class Counsel*

Dated: _____12/16/2019_____

_____
Jeffrey Kaliel, Esq.
KALIEL PLLC
*Class Counsel*

Dated: _____

CAPITAL ONE, N.A.

_____
By: _____
ITS _____

Dated: _____12 - 16 - 19_____

_____
James McGuire, Esq.
MORRISON & FOERSTER LLP
*Counsel for Capital One, N.A.*

36