UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

| | |
|---|---|
| TAWANNA ROBERTS, on behalf of herself and all others similarly situated,<br><br>Plaintiff,<br><br>- against -<br><br>CAPITAL ONE, N.A.,<br><br>Defendant. | No. 16 Civ. 4841 (LGS) |

## FINAL APPROVAL ORDER APPROVING CLASS ACTION SETTLEMENT

WHEREAS, the Parties in the above-captioned class action entered into a Settlement Agreement and Release dated December 16, 2019;

WHEREAS, Plaintiff Tawana Roberts has submitted to the Court the Unopposed Motion for Final Approval of Class Action Settlement in this case;

WHEREAS, on January 10, 2020, the Court entered a Preliminary Approval Order which, inter alia: (i) preliminarily approved the Settlement; (ii) determined that, for purposes of the settlement only, the Action should proceed as a class action pursuant to Rules 23(a) and 23(b)(3) of the Federal Rules of Civil Procedure; (iii) appointed Plaintiff Tawana Roberts as Class Representative; (iv) appointed the law firms of Kopelowitz Ostrow Ferguson Weiselberg Gilbert, Kaliel PLLC, and Tycko & Zavareei, LLP as Class Counsel; (v) approved the form and manner of Notice Program; and (vi) set a hearing date to consider Final Approval of the Settlement;

WHEREAS, Notice was provided to all persons identified in the Settlement Class member list in accordance with the Court's Preliminary Approval Order by individual email and/or mailings to all persons in the Settlement Class who could be reasonably identified;

1

WHEREAS, a notice of Settlement was mailed on December 26, 2019, to governmental entities as provided for in 28 U.S.C. § 1715 (ECF # 172);

WHEREAS, on October 29, 2020, at 10:50 a.m., at the United States District Court for the Southern District of New York, 40 Foley Square, Courtroom 1106, New York, NY 10007, The Honorable Lorna G. Schofield held a Final Approval Hearing to determine whether the Settlement was fair, reasonable, and adequate; and

WHEREAS, based on the foregoing, having considered the papers filed and proceedings held in connection with the Settlement, having considered all of the other files, records, and proceedings in the Action, and being otherwise fully advised,

**IT IS HEREBY ORDERED AND ADJUDGED** as follows:

1. This Court has jurisdiction over the subject matter of the Action and over all parties to the Action, including all Settlement Class Members.

2. This Order incorporates the definitions in the Settlement Agreement, and all capitalized terms used in this Order have the same meanings as set forth in the Settlement Agreement, unless otherwise defined herein.

3. The Notice provided to the Settlement Class in accordance with the Preliminary Approval Order was the best notice practicable under the circumstances, and constituted due and sufficient notice of the proceedings and matters set forth therein, to all persons entitled to notice. The Notice fully satisfied the requirements of due process, Federal Rule of Civil Procedure 23, and all other applicable law and rules.

4. The notice to government entities, as given, complied with 28 U.S.C. § 1715.

5. The Settlement (i) is in all respects fair, reasonable, and adequate to the Settlement Class, (ii) was the product of informed, arms-length negotiations among competent, able counsel,

and (iii) was made based upon a record that is sufficiently developed and complete to have enabled the Class Representative and Capital One to adequately evaluate and consider their positions. In finding the Settlement fair, reasonable, and adequate, the Court has also considered that there were no objections to the Settlement, and a small number of opt-outs, indicating an overwhelmingly positive reaction from the Settlement Class, and the opinion of competent counsel concerning such matters.

6. The distribution plan proposed by the Parties is fair, reasonable, and adequate.

7. The Class Representative and Class Counsel have fairly and adequately represented and will continue to adequately represent and protect the interests of Settlement Class Members in connection with the Settlement.

8. Three Settlement Class members have opted-out of the Settlement. A list of those individuals is attached hereto as Exhibit A. Those individuals will not be bound by the Settlement or the Releases contained therein.

9. Because the Court approves the Settlement set forth in the Settlement Agreement as fair, reasonable, and adequate, the Court authorizes and directs implementation of all terms and provisions of the Settlement Agreement.

10. All Parties to this Action, and all Settlement Class Members, are bound by the Settlement as set forth in the Settlement Agreement and this Order.

11. The appointment of Tawana Roberts as Class Representative is affirmed.

12. The appointment of the law firms of Kopelowitz Ostrow Ferguson Weiselberg Gilbert, Kaliel PLLC, and Tycko & Zavareei, LLP; as Class Counsel is affirmed.

13. The Court affirms the finding that the Settlement Class meets the relevant requirements of Federal Rule of Civil Procedure 23(a) and (b)(3) for purposes of the Settlement in

that: (1) the number of Settlement Class Members is so numerous that joinder is impracticable; (2) there are questions of law and fact common to the Settlement Class members; (3) the claims of the Class Representative are typical of the claims of the Settlement Class members; (4) the Class Representative is an adequate representative for the Settlement Class, and has retained experienced counsel to represent them; (5) the questions of law and fact common to the Settlement Class members predominate over any questions affecting any individual Settlement Class member; and (6) a class action is superior to the other available methods for the fair and efficient adjudication of the controversy.

14. Judgment shall be, and hereby is, entered dismissing the Action with prejudice, on the merits, and without taxation of costs in favor of or against any Party.

15. The Releasing Parties hereby fully and irrevocably release and forever discharge Capital One and each of its present and former parents, subsidiaries, divisions, affiliates, predecessors, successors and assigns, and the present and former directors, officers, employees, agents, insurers, members, attorneys, advisors, consultants, representatives, partners, joint venturers, independent contractors, wholesalers, resellers, distributors, retailers, predecessors, successors and assigns of each of them ("Released Parties"), of and from any and all liabilities, rights, claims, actions, causes of action, demands, damages, costs, attorneys' fees, losses and remedies, whether known or unknown, existing or potential, suspected or unsuspected, liquidated or unliquidated, legal, statutory, or equitable, based on contract, tort or any other theory, that result from, arise out of, are based upon, or relate to the conduct, omissions, duties or matters during the Class Period that were or could have been alleged in the Action ("Released Claims"), relating to the assessment of Overdraft Fees on Debit Card Transactions that authorized against a positive balance but settled against a negative balance due to intervening charges.

16. The Class Representative and all Settlement Class Members are hereby barred and permanently enjoined from instituting, asserting or prosecuting any or all of the Released Claims against any of the Released Parties.

17. If, consistent with the plan of distribution set forth in the Settlement Agreement, any Residual Funds exist after the first distribution, the residue will go to Settlement Class Members by way of a secondary distribution, if economically feasible. Otherwise, the residue will go to the Jump$tart Coalition for Personal Financial Literacy as *cy pres* beneficiary.

18. Upon completion of the plan of distribution set forth in the Settlement Agreement, including resolution of any motion to distribute Residual Funds to *cy pres* recipients, the parties shall file a joint letter providing a final accounting of the manner in which the Settlement Fund was distributed.

19. The Court hereby decrees that neither the Settlement Agreement, nor this Order, nor the fact of the Settlement, is an admission or concession by Capital One or the Released Parties of any fault, wrongdoing or liability whatsoever, or as an admission of the appropriateness of class certification for trial or dispositive motion practice. This Order is not a finding of the validity or invalidity of any of the claims asserted or defenses raised in the Action. Nothing relating to the Settlement shall be offered or received in evidence as an admission, concession, presumption or inference against Capital One or the Released Parties in any proceeding, other than such proceedings as may be necessary to consummate or enforce the Settlement Agreement or to support a defense based on principles of res judicata, collateral estoppel, release, good faith settlement, judgment bar or reduction, or any other theory of claim preclusion or issue preclusion or similar defense.

20. The Court hereby retains and reserves jurisdiction over: (a) implementation of this

Settlement and any distributions from the Settlement Fund; (b) the Action, until the Effective Date, and until each and every act agreed to be performed by the Parties shall have been performed pursuant to the terms and conditions of the Settlement Agreement, including the exhibits appended thereto; and (c) all Parties, for the purpose of enforcing and administering the Settlement.

21. In the event that the Effective Date of the Settlement Agreement, does not occur, the Settlement shall be rendered null and void to the extent provided by and in accordance with the Settlement Agreement, and this Order shall be vacated. In such event, all orders entered and releases delivered in connection with the Settlement shall be null and void and the Action shall return to its status immediately prior to execution of the Settlement Agreement.

22. With the exception of those listed on Exhibit A, the Court adjudges that the Class Representative and all Settlement Class Members shall be bound by this Final Approval Order.

23. Upon the entry of this Order, the Class Representative and all Settlement Class Members shall be enjoined and barred from asserting any claims against Capital One and the Released Parties arising out of, relating to, or in connection with the Released Claims.

24. There being no just reason for delay, the Clerk of Court is hereby directed to enter final judgment forthwith pursuant to Rule 54(b) of the Federal Rules of Civil Procedure.

Dated:   December 1, 2020
         New York, New York

_____
**LORNA G. SCHOFIELD**
**UNITED STATES DISTRICT JUDGE**

6

## **EXHIBIT A**

### **EXCLUSION LIST**

1. William F. Meehan

2. Joy Osemwenkhae

3. Helen H. Wingerter